THE MAYOR AND ALDERMEN OF JERSEY CITY ET AL., RELATORS, v. ROBERT DAVIS, CITY COLLECTOR, RESPONDENT.

Submitted June 7, 1910—Decided June 30, 1910.

1. Under Supreme Court rule 40, any rule granted by this court or a judge thereof, if not entered in the minutes within ten days thereafter, is a nullity.
2. When a rule is made to show cause why a peremptory or alternative writ of *mandamus* should not issue, and on argument of said rule a writ is awarded, such writ cannot issue until further rule to that effect has been entered in the minutes.
3. In an application by a municipality for a *mandamus* to a collector of taxes to make sale of property for alleged arrears of taxes, it is not improper to require in a rule awarding an alternative writ that the owners of the property have notice of the proceedings, and, in such case, said owners have a standing to move to quash the writ on the ground of irregularity in the proceedings occurring before notice to them.

On rule to show cause granted to Erie Elevator Company et al. why alternative writ of *mandamus* should not be quashed.

Before Justices SWAYZE, PARKER and VOORHEES.

For the relators, *Warren Dixon*.

For the Erie Elevator Company, *Vredenburgh, Wall & Carey*.

For the Erie Railroad Company and Long Dock Company, *Collins & Corbin*.

The opinion of the court was delivered by

PARKER, J. A short review of the proceedings in the present case from the beginning is essential to a proper understanding of the question now to be determined.

The fundamental controversy relates to the validity of an adjustment by the Martin act commission of back taxes against a property in Jersey City known as the Erie elevator property, which adjustment resulted in a considerable reduction of the amount of arrearages against the property. The reduced amount seems to have been paid, but the city claims that the reduction was without warrant of law, and for the purpose of testing the question applied to a justice of this court for a writ of *mandamus* to respondent Davis, the collector of revenue of Jersey City, commanding him to make sale of the property for the difference between the amount as adjusted and paid, and the face of the arrearages as existing before the adjustment. The said justice made a rule in October, 1909, directing the collector to show cause at the November term of this court why an alternative or peremptory writ of *mandamus* should not issue, commanding him to advertise and sell as aforesaid. The rule was apparently not argued at the November term, but came on for hearing at the February term, 1910, and it appears by stipulation of counsel that this court "stated to counsel for the relators that he might take a

rule for an alternative writ of *mandamus* and that the owners of the property should be served with the writ and have an opportunity to present their objections to the Supreme Court before the sale." This was on February 15th. No further action was taken until May 5th, when a rule conforming to the above pronouncement of the court was entered in the minutes, and on the following day the writ was issued. It commands the city collector to sell "immediately after the 15th day of May, 1910," unless he or the companies now represented on this application show cause to the contrary. These companies were served with the writ a few days later, and promptly applied to a justice of this court for, and obtained, rules to show cause why the writ should not be quashed. Whether these rules should be discharged or made absolute, is the question now before us for determination.

We are of opinion that the alternative writ should be quashed, and are content to rest this decision on the first reason advanced, viz., that the rule allowing such writ was not entered within the time required. Rule 40 of this court provides that "every rule taken in open court or allowed by a justice, shall be entered in the minutes of the court, and shall take effect only from the time of such entry * * * and all rules, whether granted by the court or a justice, shall be entered in the minutes within ten days of the granting of the same, *and in default thereof shall be of no effect.*" The phrase "of no effect" is synonymous with "void" and not with "voidable." The last clause of rule 40, which dates from 1900, was evidently framed to insure prompt entry of rules of court under penalty of lapse for delay beyond the specified time. The case of *Seyfert* v. *Edison,* 16 *Vroom* 304, related to rule 34 of the present compilation, requiring a rule to show cause for a new trial to be "forthwith entered" but not providing any specific penalty for delay. This court held in a case where the application was made and granted in December, and no rule signed until February, though dated back, that the real date of the rule was the date when it was granted and not when it was signed; and that if the laches of the party applying for the rule had resulted in the loss of

a term, it should have been discharged. The present case is stronger. The rule was granted in open court, at Trenton, and it was the work of a moment for counsel to step into the clerk's office and have it entered. The penalty provided by rule 40 is specific, and should be enforced. The propriety of the rule itself is illustrated in this case by the fact that the three months' delay has led to some uncertainty as to the details of what this court decided in February.

Counsel for the city claimed in argument that as the alternative writ was in effect a declaration, no rule for its issue was required; and none being required, no penalty for its nonentry was justified; but this is a palpable error. While it is true that for the purpose of framing an issue of law or fact, and of making up a record that may be reviewed in error, the alternative writ operates as a declaration, it is not a declaration, but a prerogative writ, issuing by leave of the court, and that leave must appear of record, as a warrant to the clerk to seal the writ, and, it may be added, to fix the responsibility of the attorney in case of unauthorized issue. And while a *mandamus,* especially an alternative one, may be ordered on the original application, the usual practice is that pursued in this case, of presenting affidavits, obtaining rule to show cause, arguing that rule, and obtaining a further rule making the rule to show cause absolute. 3 *Bl. Com.* 111; *High Extr. Rem.,* §§ 513, 522; *Tapp. Mand.* 303 *et seq.; Shortt Mand.* 370. As in all other cases, a rule to show cause is, in its essence, a preparatory or expectant step, and necessarily to be resolved by being either made absolute or discharged of record by some subsequent rule. That counsel took this view of the matter is evident from the fact that he made no attempt to issue the alternative writ until the rule allowing the same had been entered. There is the further consideration that until the entry of the rule making the rule to show cause absolute, it could not appear whether the writ finally awarded by the court was to be an alternative or a peremptory one, the rule to show cause being on this point indeterminate.

The further question is raised, whether the several companies interested have a standing to make this application.

No objection to the writ is made by the collector, who apparently is quite satisfied to let matters take their course. The propriety of making these companies parties, or of permitting them to intervene, is questioned. If the suit involved an adjudication of the validity of the tax whereby their legal rights would be determined, the propriety of their being made parties is obvious. *Sheridan* v. *Van Winkle,* 14 *Vroom* 579, 583. If it were clear that their rights would not come in question, or that such rights were already adjudicated, they should properly be omitted. *Leeds* v. *Atlantic City,* 23 *Id.* 332, 338; *Shields* v. *Grear,* 26 *Id.* 503. The several companies were not made parties by any order of this court, but in effect were permitted to intervene and have done so. We incline to doubt whether the prior action of this court in so permitting intervention can be attacked on the present motion; but if it be proper to consider the propriety of the rule at this time, we are not satisfied that there was any error in providing for an intervention, the application of a city for a *mandamus* against its own tax collector being, to say the least, an unusual one, and the property owners being at least presumptively interested in the question whether their property should be sold for a balance, as claimed, of taxes for which as adjusted they held receipts, and as to which they had not been heard. A similar course was pursued in the old case of *R.* v. *Barker, Burr.* 1265, in 1762. Having been served with the writ, the companies now show cause by moving to quash it. They are entitled to do so. Ordinarily an alternative writ of *mandamus* will not be quashed if it has been granted after argument and notice. *Freeholders* v. *Pennsylvania Railroad Co.,* 13 *Vroom* 490. But this rule cannot apply against parties who come in after the argument and were consequently not heard thereon; nor, as we apprehend, should it apply in a case of lapse in practice occurring after the argument and therefore not before the court at that time.

The result we have reached makes it unnecessary to discuss the other points argued. The rules to show cause granted on May 14th and May 17th, why the alternative writ should not be quashed, will be made absolute, with costs.