## BOROUGH OF HASBROUCK HEIGHTS, N. J., v. AGRIOS et al.

District Court, D. New Jersey.
March 20, 1935.

Chandless, Weller & Selser, of Hackensack, N. J., for plaintiff.

Collins & Corbin, of Jersey City, N. J., for defendant Royal Indemnity Co.

FORMAN, District Judge.

This is a motion to vacate final judgment, entered August 5, 1931, and August 19, 1931.

This suit was commenced in 1928 by the borough of Hasbrouck Heights against Philip Agrios and the Royal Indemnity Company to recover damages from Agrios and the Royal Indemnity Company (surety for Agrios), for a breach of contract by Agrios for the building of a sewerage works and disposal plant for the borough. The cause came on before Judge Runyon on the motion by the defendant the Royal Indemnity Company to strike the complaint filed by the plaintiff on the ground that it failed to state a cause of action. This motion was pending before Judge Runyon for two

years and he was unable to dispose of it because of his continuous illness. The plaintiff the borough, and the defendant the Royal Indemnity Company, consented to refer the matter for decision to a special master, and on April 9, 1931, Judge Fake signed a rule ordering the motion of the defendant to be referred for decision and report to Hon. Merritt Lane, a special master. The master filed his report on July 21, 1931, advising that the motion to strike the complaint be granted, and at the same time sent a copy of his report to the plaintiff and defendant. On July 3, 1931, Judge Fake signed a rule adopting the report of the master and ordering the complaint to be struck and final judgment to be entered in favor of the defendant Royal Indemnity Company. This rule was not filed until August 5, 1931. Apparently believing that this rule would not conform to rule 214 of the Supreme Court of New Jersey, Judge Fake signed another rule on August 17, 1931, ordering the complaint to be struck and entering final judgment in favor of the defendant. This rule was filed on August 19, 1931.

It appears that no formal notice was given the plaintiff that these rules would be entered. The plaintiff took no exceptions to the rule of the master and did not appeal from the judgment entered by the District Court.

On March 12, 1934, the plaintiff the borough of Hasbrouck Heights made a motion before Judge Fake to vacate the orders of August 5, 1931, and August 17, 1931, on the following grounds:

"(1) Both the said orders were made although the Court was without jurisdiction or authority to make the same, or either of them because:

"(a) The same were made by the Court without notice to the plaintiff.

"(b) The same were made by the Court without the plaintiff being afforded an opportunity to be heard in respect thereto.

"(c) The same purports to enter a judgment final although there never had been a trial of the issue, or of the matter in dispute between the plaintiff and defendants.

"(d) The same were based on the reference of a motion of the defendant to strike, to a Master when the Court was without jurisdiction or lawful authority to refer said motion to a Master.

"(e) The same were based on the report of a Master, when such Master was without jurisdiction or lawful authority to make any report.

"(f) The same were based on the report of a Master, when the Court was without jurisdiction or lawful authority to receive, entertain or consider any report of any Master in relation thereto.

"(g) The proceedings had before the Master were illegal, void and a nullity, and the entry of the Orders based on such illegal, void and null proceedings are void and null.

"(1) Both of said Orders were improvidently made."

Judge Fake was unwilling to dispose of the motion for the reason that it appeared that he was the attorney for the borough of Hasbrouck Heights, the plaintiff, in 1924, when the contract between the borough and Agrios was made, and the bond of the defendant the Royal Indemnity Company was executed. Accordingly, the same motion was made before Judge Clark on June 25, 1934. Judge Clark was of the opinion that the motion should be disposed of by Judge Fake. The motion was renewed on November 7, 1934, on the same grounds set out above in the motion made on April 10, 1934.

The first question to be disposed of relates to the power of this court over its judgments and decrees after the passage of the term. The judgment which the plaintiff seeks to vacate was entered in August, 1931, and the motion to vacate it was not made until March, 1934. Several terms of the court have intervened. A court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term. United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. There are certain exceptions that are not relevant here. But if the judgment was void, and this is what the plaintiff appears to contend, it cannot, of course, be made effective by the passage of time.

Doubtless, the rule entering the judgment which was not filed until August 1, 1931, is invalid. Rule 214 of the Supreme Court of New Jersey requires the entry of the rule in the minutes of the court within ten days after it has been signed. But there was no reason why the defendant could not obtain a new rule, as it did, ordering the complaint to be struck and final judgment to be entered. The failure of the

first rule could not invalidate the report of the master. It was only necessary for the defendant, to go back and correct the formal omission which was necessary to complete its successful attack on the complaint. Singer v. Juechter, 127 A. 795, 2 N. J. Misc. 714; Jersey City v. Davis, 80 N. J. Law, 609, 76 A. 969. The rule entered on August 19, 1931, was valid.

But the plaintiff contends that the rule was void for the reason that it was made without notice to it. The plaintiff contends that this court is bound by the law and the rules of court of the state of New Jersey for the procedure in the matter of the reference, and relies on section 155 of the Practice Act of 1903 (3 Comp. St. N. J. 1910, p. 4101, § 155), and Supreme Court Rule 100. It is only necessary to point out that the statute and rule apply *to trial* by referees. The reference here was of the same nature as those, the practice for which is set out in section 1 of the rules of the New Jersey Supreme Court, entitled "Preliminary References." Under those rules, a Supreme Court Commissioner may determine a motion to strike out a pleading and enter any order the court could make. There is no such practice in the District Court of the United States.

The rule signed by Judge Fake on April 9, 1931, referring to the motion to the master for his decision is as follows:

"Upon consent heretofore given of the plaintiff, Borough of Hasbrouck Heights, a Municipal Corporation, and the defendant, Royal Indemnity Company, a corporation:

"It is on this 9th day of April, 1931, ordered that the motion of the defendant, Royal Indemnity Company to strike out the complaint of the plaintiff as against said defendant, Royal Indemnity Company, be and the same is hereby referred for decision and report to Merritt Lane, Esq. as Special Master.

"Guy L. Fake, Judge.

"Rule actually entered this day of April, 1931, on Motion of Collins & Corbin, Attorneys of Defendant Royal Indemnity Company."

The reference here was made under unusual circumstances. The judge before whom the matter was brought was unable to reach a decision in the case because of illness. The bar was apprised of the situation, and the several matters pending before Judge Runyon were to be disposed of by leaders of the bar who generously volunteered to give their services. The strict letter of the law may not have been followed, but, if not, it was because the parties in the several causes treated the situation as it should have been and unhesitatingly submitted the matters involved to the masters which they themselves suggested. That appears to be the situation here. The learned master who disposed of the motion to strike the complaint in this action promptly made and filed his report, and sent copies to the parties. The plaintiff should have taken exceptions to the report if he had reason to object to it. Obtaining a rule to enter judgment on the report was a mere formality.

It appears that the parties actually consented to refer the motion to the master and to abide by his decision. If that is so, the plaintiff cannot assert that it was entitled to notice on the entry of the judgment. It could only appeal. But if that is not a correct interpretation of the consent of the parties, in the absence of any statute or rule of court relating to the practice; notice of the entry of judgment is not required. Section 190 of the New Jersey Practice Act of 1903 (3 Comp. St. N. J. 1910, p. 4110, § 190) provides *"whenever notice is required in any matter of practice,* two days' notice shall be sufficient." But *no notice is required here* as in the case of filing the report of a referee in a matter of account under rule 100 of the Supreme Court.

Evidently the plaintiff should have taken exceptions to the report of the master upon receiving a copy of it if he believed it erroneous.

At any rate, the plaintiff cannot come into court after the passage of many terms and attack the judgment entered on the report of the master as invalid merely because it received no notice of its entry. The court expressly stated in its order that it had considered the report of the master and approved it. The plaintiff is in an anomalous position. It consented to the reference without terms, and yet it asks that the judgment entered on the report be set aside without pointing out any error existing in the report but merely for the reason that it had no notice of the entry of the judgment, when at the same time it knew that the report had been filed. Even if notice should have been given under section 190 of the Practice Act of 1903, the judgment is not invalid and the court has no power after the term to set it aside.

Finally, the plaintiff contends that the judge who entered the judgment was disqualified under section 20 of the Judicial Code (28 USCA § 24) and that he had no power to enter the rule for judgment confirming the report of the master.

Section 20 of the Judicial Code provides: "Whenever it appears that the judge of any district court is in any way concerned in interest in any suit pending therein, or has been of counsel or is a material witness for either party, or is so related to or connected with either party as to render it improper, in his opinion, for him to sit on the trial, it shall be his duty, on application by either party, to cause the fact to be entered on the records of the court; and also an order that an authenticated copy thereof shall be forthwith certified to the senior circuit judge for said circuit then present in the circuit; and thereupon such proceedings shall be had as are provided in sections 17 and 18 of this title."

The basis of the plaintiff's contention that Judge Fake was disqualified is that he "has been of counsel" to the plaintiff. The facts are that he was the borough attorney at the time that the contract and the surety bond involved in this case were executed and may have passed on the form of the bond.

Section 20 of the Judicial Code is not self-operating. It provides that when it appears that there are facts present which disqualify a judge, it shall be the duty of the judge *on the application of either party* to disqualify himself. The statute further provides that, when it appears to the judge that the facts are such as to render it improper *"for him to sit on the trial,"* he should disqualify himself *on proper application by a party*. If there are facts present which are sufficient to disqualify the judge, an order made by him would not be invalid, unless a party who was apprised of the facts made a timely objection to his sitting in the case. This is particularly so in a matter preliminary to the trial. It appears from a close examination of the statute, that it disqualifies judges from sitting on the trial of the cause and it is not applicable to the entry of an order involving a formal and a preliminary matter to the trial of the case. This is not unfair when it is realized that such preliminary formal motions necessarily involve only questions of law from which there is ample right of appeal.

Moreover, under the facts here, Judge Fake's interest or relation to the plaintiff is not such as to disqualify him. His purported act in passing on the bond was a routine matter, which he was unable to recollect. The validity of the bond was not questioned and his action as borough attorney was not involved in the disposition of the motion to strike the complaint. The act of entering judgment on the report of the master was a mere formality and furthermore was an order against and not for the interest of his former client.

Even up to this time, the plaintiff has failed to apply formally to Judge Fake to disqualify himself. The proper time to bring the facts concerning disqualification before the judge is as early in the action as the objecting party has knowledge of the facts, and if the party fails to make the objection seasonably, it will be waived. If the plaintiff knew of the facts, at the time of the order of reference, it should have brought it to the attention of the court then, because it knew that the judge would be subsequently involved in the suit. Moreover, this court has no power to set the order aside after the entry of the final judgment and the passage of the term, in which the judgment is entered, on the ground that there were facts, of which the plaintiff had knowledge that might have disqualified the judge acting in the suit, which were not at that time made a matter of court record.

In reference to all of the objections, which the plaintiff has raised for vacating the order of August 19, 1931, it has contended that it was unable to make those objections because it had no notice of the entry of the order. The fact that it is now raising the point that it had no notice of the entry of the order after the passage of nearly three years is not impressive. It knew that the report of the referee had been made. It also knew the informal practice adopted by counsel and the court in disposing of the matters pending before Judge Runyon. Even if the court had the power to set aside the order, it would be constrained to deny the plaintiff's motion because of its laches.

The **motion to vacate the order is denied.**