**UNITED STATES of America,**
**Petitioner,**

v.

**Honorable Willis W. RITTER, Chief Judge, United States District Court for the District of Utah, Respondent.**

**No. 6238.**

United States Court of Appeals
Tenth Circuit.

Dec. 8, 1959.

No appearance for appellant.

Russell E. Ake, U. S. Atty., Cleveland, Ohio, for appellee.

Harold S. Harrison, Washington, D. C. (Perry W. Morton and Roger P. Marquis, Washington, D. C., with him on brief), for petitioner.

Dennis McCarthy, Salt Lake City, Utah (Milton A. Oman, Salt Lake City, Utah, was with him on brief), for respondent.

Before MURRAH, Chief Judge, and PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This matter comes on for consideration upon application of the United States to set aside an order of the respondent, Honorable Willis W. Ritter, in Civil No. C 36–53, entitled Bill Hatahley, et al. v. United States of America, in which the court denied petitioner's motion that all further proceedings in that case be heard before another judge, and for an entry of a judgment on the mandate from this court. The application also seeks to prohibit the respondent from setting the principal case for retrial before himself.

The respondent, although having been duly served with notice, has filed no response and did not appear either in person or by counsel. However, the interested parties in the principal case have filed a response in opposition to the relief sought and appeared by counsel in support of same.

When the case was first here in United States v. Hatahley, 10 Cir., 220 F.2d 666, 670, we observed that it had been "tried in an atmosphere of maximum emotion and a minimum of judicial impartiality." But on certiorari the Supreme Court, 351 U.S. 173, 76 S.Ct. 745, 750, 100 L.Ed. 1065, did not think that "the trial was conducted so improperly

as to vitiate" the trial court's findings. On the second appeal after retrial, 10 Cir., 257 F.2d 920, 925, limited to the issue of damages, we again observed that "a casual reading of the two records leaves no room for doubt that the District Judge was incensed and embittered, perhaps understandably so, by the general treatment over a period of years of the plaintiffs and other Indians * * " ; that "From his obvious interest in the case, illustrated by conduct and statements made throughout the trial * * * we are certain that the feeling of the presiding Judge is such that, upon retrial he cannot give the calm impartial consideration which is necessary for a fair disposition of this unfortunate matter, and he should step aside." We accordingly suggested that when the case was remanded to the district court, the trial judge should "take appropriate preliminary steps to the end that further proceedings in the case be had before another Judge," citing La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290. The suggestion was made in the exercise of appellate supervisory control and in the interest of proper judicial administration.

After denial of certiorari (Hatahley v. United States, 358 U.S. 899, 79 S.Ct. 222, 3 L.Ed.2d 148) the mandate filed December 12, 1958, reversed the case for a new trial as to damages only, and carried forward our suggestions that further proceedings be had before another judge. But on the assumption that in these circumstances formal action would be unnecessary, we refrained from entering a formal order directing that the case be heard before another judge.

No further action was taken after the mandate in December 1958 until the matter came on for hearing in June 1959 on application of the plaintiffs for the appointment of a special master or commission of special master to determine the damages. The United States thereupon filed this motion for the entry of an amended judgment and trial before another judge. At the hearing on these motions, the trial court took note of our suggestions that the case be heard before another judge, but stated for the record that he did not "intend to follow that suggestion so you can lay that to one side." After reserving a ruling on all motions, the trial court on August 26, 1959, entered an order denying the plaintiff's motion for the appointment of a special master or commission of special masters, and on the following September 10, entered an order denying the defendant's motion for an amended judgment and trial before another judge.

Plaintiffs in the principal case take the position that the government's application is premature and untimely, and that in any event, extraordinary relief is unauthorized either under the all-writ statute, Section 1651, Title 28 U.S.C., or appellate supervisory control of the district courts. But we have no doubt of our power and inescapable duty to grant the relief sought, whether it be found in the all-writ statute or in the exercise of the inherent powers of appellate jurisdiction to effectuate what seems to us to be the manifest ends of justice. See La Buy v. Howes Leather Co., supra.

In view of the whole record before this court, we are convinced that the United States cannot obtain a fair and impartial trial before the presently presiding judge, and that the proper administration of justice requires that further proceedings in the case be heard before another judge. And, it now conclusively appears that the said respondent judge will not heed the court's suggestions that he take proper steps to excuse himself and reassign the case. It is therefore ordered that further proceedings in this case be heard before a judge to be designated by the Chief Judge of this Circuit, pursuant to Section 292(b), Title 28 U.S.C., and that the respondent take no further action herein. And, the Clerk of this Court is directed to forthwith transmit a copy of this Memorandum and Order to the Clerk of the District Court of Utah, and the Clerk of that Court is directed to file same.