**OCCIDENTAL PETROLEUM CORPORATION, Petitioner,**

v.

**Hon. Stephen S. CHANDLER, United States District Court Judge for the Western District of Oklahoma, Respondent.**

**In the Matter of PARKER PETROLEUM CO., Inc., a corporation, Debtor,**

**In proceedings for a reorganization of a corporation, No. 10807.**

**No. 6972.**

United States Court of Appeals
Tenth Circuit.

April 20, 1962.

Rehearing Denied June 1, 1962.

Bert Barefoot, Jr., Oklahoma City, Okl., and Howard W. Rea, Denver, Colo., for petitioner.

Francis S. Irvine, Oklahoma City, Okl., for respondent and for trustee of Parker Petroleum Co., Inc.

V. P. Crowe, Phil Daugherty and Roy Lytle, Oklahoma City, Okl., for respondent.

Earl A. Brown, Ardmore, Okl., for Common Stockholders of Parker Petroleum Co., Inc.

G. C. Spillers, Tulsa, Okl., for Webster Drilling Co.

Frank A. Bruno, Denver, Colo., for Western Oil Fields, Inc.

John Kirk Windle, Chicago, Ill., for United States Securities and Exchange Commission.

Gene M. Gardner, Duncan, Okl., for Protective Committee of Creditors.

Delmer L. Stagner, Oklahoma City, Okl., for Certain Unsecured Creditors.

Herbert F. Hewett, Oklahoma City, Okl., for John S. Bottomley and C. J. Hoffman.

Before MURRAH, Chief Judge, and PICKETT, LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

Occidental Petroleum Corporation petitions for a writ of mandamus or prohibition to prevent the Honorable Stephen S. Chandler, Chief Judge of the United States District Court for the Western District of Oklahoma, from proceeding further in a Chapter X bankruptcy proceeding pending in that court and involving Parker Petroleum Co., Inc. The basis for the petition is the claimed disqualification of the Judge. The original petition sought the removal of the Judge from those parts of the proceedings directly affecting Occidental. An amended petition seeks the removal of the Judge from the entire proceedings. We have heard the matter on the petition, the amended petition, the response, the evidence adduced at three days of hearing, the briefs, and the oral arguments. Counsel have appeared and been heard not only for the petitioner and respondent but also for others having an interest in the bankruptcy proceedings.

The jurisdiction of this court is questioned on the ground that a ruling on a motion for disqualification made under 28 U.S.C. § 144 is reviewable only on appeal and that the All-Writs Statute, 28 U.S.C. § 1651, does not apply. The facts alleged and proved establish this case as an exceptional case in which the preservation of the right to fair and impartial hearing and disposition requires the exercise of our jurisdiction at this time. The question of the disqualification of a trial judge was presented in United States v. Ritter, 10 Cir., 273 F.2d 30, 32, and we held that we have the "power and inescapable duty" to act

and that it makes no difference whether such power is conferred under the All-Writs Statute or under the inherent powers of a United States Court of Appeals "to effectuate what seems * * * to be the manifest ends of justice." Application to the United States Supreme Court for relief from our action in the Ritter case was denied. Ritter v. Murrah, 362 U.S. 946, 80 S.Ct. 873, 4 L.Ed.2d 866.

■ From the record made before us we find and conclude:

1. The Judge has conducted closed-door hearings, meetings and discussions in chambers at which some but not all of the interested parties were present at the invitation of the Judge and from which the attorneys for some of those present were excluded with the direction of the Judge that the fact of such proceedings and the matters which transpired therein should not be reported to those attorneys. At these hearings, meetings and discussions matters pertaining to the bankruptcy estate and materially affecting not only those present but those excluded therefrom were considered.

2. After the filing of the petition in case No. 6972, the Judge tried to prevent a court officer from the performance of his official duties and responsibilities in matters relating to the bankruptcy estate.

3. The Judge has a personal enmity, hostility, bias, and prejudice against Occidental and cannot therefore fairly and impartially hear and determine any matter involving Occidental.

4. The proper administration of justice requires that all further proceedings in connection with the Parker bankruptcy be heard and determined by another judge.

It is therefore ordered that the Honorable Stephen S. Chandler, respondent herein, shall proceed no further in the matter of Parker Petroleum Co., Inc., Debtor, No. 10807 Bankruptcy on the docket of the United States District Court for the Western District of Oklahoma, and that all further proceedings in said cause No. 10807 Bankruptcy shall be heard and determined by a judge to be designated by the Chief Judge of the Tenth Circuit of the United States.

This disposition of the matter makes it unnecessary to determine the issues raised by the petition of the Trustee of Parker Petroleum Co., Inc., for a modification of the stay order entered herein on March 14, 1962.

The Clerk of this court is directed to forthwith transmit a copy hereof to the Clerk of the United States District Court for the Western District of Oklahoma for filing in its case No. 10807 Bankruptcy.