**TEXACO, INC., a Delaware Corporation, Petitioner,**

v.

**Honorable Stephen S. CHANDLER, Chief Judge of the United States District Court for the Western District of Oklahoma, Respondent.**

**No. 8216.**

United States Court of Appeals
Tenth Circuit.

Dec. 27, 1965.

Certiorari Denied March 7, 1966.
See 86 S.Ct. 1066.

George W. Jansen, Los Angeles, Cal., and Phil E. Daugherty, of Ames, Daugherty, Bynum, Black, Ashabranner & Rogers, Oklahoma City, Okl., for petitioner.

Gus Rinehart, Oklahoma City, Okl., for respondent.

Before PICKETT, LEWIS, BREITENSTEIN, HILL and SETH, Circuit Judges.

## PER CURIAM.

In this mandamus action Texaco Inc. prays for an order directing Stephen S. Chandler, Chief Judge of the United States District Court for the Western District of Oklahoma, to proceed no further in Hirschfield, et al. v. Texaco, Inc., Civil action No. 64–259, pending in the aforesaid court.

It is alleged that on June 6, 1964, the plaintiffs, Norman Hirschfield, Edward C. Joullian III, and Edward C. Joullian brought the aforesaid action in the United States District Court for the Western District of Oklahoma in which a judgment in the sum of $25,000,000 was sought against the defendant Texaco, Inc. for services rendered; that at the time the action was filed there was pending in the same court an action wherein W. H. Pat O'Bryan sought to recover damages in the sum of $10,000,000 al-leged to have been caused by the misconduct of Judge Chandler before a federal grand jury which returned an indictment charging O'Bryan with a felony,[1] that in the damage action alleging Judge Chandler to be guilty of malicious prosecution, libel and slander, he was represented by five attorneys headed by John M. Cantrell, an Oklahoma attorney; that Mr. Cantrell was one of the attorneys representing the plaintiffs in the aforesaid Texaco suit; and that Mr. Cantrell continued to represent Judge Chandler in the O'Bryan case until after perfection of an appeal. Judge Chandler moved to dismiss this petition for a writ of mandamus, and later filed what was designated a "Waiver of Oral Argument and Rejoinder." These documents discuss the proceedings in the Texaco case at length, and we treat them as a response.

After the Texaco case was at issue, there were numerous and lengthy hearings on the question of disqualification, and other matters, relating to the case. Judge Chandler repeatedly stated that he did not intend to try the case, but refused to disqualify himself and assign it to another judge. 28 U.S.C. § 455 provides:

> "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

In Rapp v. Van Dusen, 3 Cir., 350 F.2d 806, it was held that this statute disqualified a United States District Judge from proceeding in a civil case pending before him where attorneys for one of the parties had represented the judge in a mandamus action brought to compel

---

1. The O'Bryan action was brought in an Oklahoma State Court. After removal to the United States District Court for the Western District of Oklahoma, it was dismissed on the ground that Judge Chandler was immune from civil liability for the alleged acts of misconduct. The dismissal was affirmed by this court. W. H. Pat O'Bryan v. Chandler, 10 Cir., 352 F.2d 987.

the judge to transfer a case under 28 U.S.C. § 1404(a). The judge in the mandamus action had no personal interest and was only a nominal party. In that case, at p. 812, the court said:

"For the proper administration of justice requires of a judge not only actual impartiality, but also the appearance of a detached impartiality. Litigants are entitled, moreover, to a judge whose unconscious responses in the litigation may be struck only in the observing presence of all parties and their counsel. This right is impaired when a party is required to meet in his opponent an advocate who has already acted as the judge's counsel in the same litigation."

In the case at bar, Mr. Cantrell was representing Judge Chandler as a defendant in an action wherein the plaintiff sought a $10,000,000 judgment against the Judge as an individual. Confining our decision to the particular facts of this case, we hold that Judge Chandler's connection with one of the attorneys for the plaintiffs in the Texaco case was sufficient to constitute a connection with a "party or his attorney" within the meaning of Section 455.

■ The jurisdiction of this court to take action to guarantee a fair and impartial trial is no longer open to question. Upon an adequate showing, this court has held that it has the "power and inescapable duty", whether under the all-writs statute, 28 U.S.C. § 1651, or under its inherent powers of appellate jurisdiction, "to effectuate what seems to us to be the manifest ends of justice." United States v. Ritter, 10 Cir., 273 F.2d 30, 32, cert. denied 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869; Occidental Petroleum Corp. v. Chandler, 10 Cir., 303 F.2d 55, cert. denied 372 U.S. 915, 83 S.Ct. 718, 9 L.Ed.2d 722, Reh. denied 373 U.S. 906, 83 S.Ct. 1288, 10 L.Ed.2d 201.

It is Therefore Ordered that the Honorable Stephen S. Chandler, Respondent herein, shall proceed no further in the case of Hirschfield, et al v. Texaco Inc., numbered 64–259 on the Civil Docket of the United States District Court for the Western District of Oklahoma, and that all further proceedings in that case be heard and determined by a judge to be designated by the Chief Judge of the United States Court of Appeals for the Tenth Circuit.

The Clerk of this Court is hereby directed to transmit forthwith a copy of this order to the Clerk of the United States District Court for the Western District of Oklahoma for filing in the aforesaid case, Civil No. 64–259.