**UNITED STATES of America, Plaintiff,**

v.

**J. Howard DEARDORFF et al., Defendants.**

**No. 71 Cr. 111.**

United States District Court, S. D. New York.

Oct. 12, 1971.

See also D.C., 343 F.Supp. 1047.

**1046**

Whitney North Seymour, Jr., U. S. Atty., New York City, by Robert G. Morvillo, and John D. Gordon III, Asst. U. S. Attys., for plaintiff.

Davis, Polk & Wardwell, by Robert B. Fiske, Jr., Curtis, Mallet-Prevost, Colt & Mosle, by Peter Fleming, Jr., for defendants Kahn and Teleprompter.

MOTLEY, District Judge.

*Motion for Recusation Under 28 U.S.C. § 455*

Defendants Irving Kahn and Teleprompter have moved for the judge to recuse herself pursuant to 28 U.S.C. § 455. That section provides:

> "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein."

Defendants Kahn and Teleprompter are accused, in brief, of using interstate facilities in connection with bribing certain officials of Johnstown, Pennsylvania, in 1966, to use their official offices to grant Teleprompter an exclusive cable television franchise in Johnstown. Before taking the bench, I served as Borough President of Manhattan in New York City from February 1965 to September 1966. In that capacity in December 1965 I voted as a member of the New York City Board of Estimate to grant defendant Teleprompter an exclusive cable television franchise in a portion of Manhattan. This action, defendants contend, is a proper reason for the court to recuse herself.

The question presented is whether my official vote as Manhattan Borough President in 1965 is so related to or connected with the defendants as to render it improper, in my opinion, for me to preside at their trial. I find the connection between my Board of Estimate vote and the acts alleged in the indictment so tenuous that my recusation is unnecessary.

Defendants do not cite a case that is even faintly analogous to the question presented here. Texaco, Inc. v. Chandler, 354 F.2d 655, 656–657 (10th Cir. 1965), cert. denied, 383 U.S. 936, 86 S.Ct. 1066, 15 L.Ed.2d 853 (1966), involved an attorney for one of the parties who simultaneously represented the judge in a separate civil action. Rapp v. Van Dusen, 350 F. 2d 806, 812 (3rd Cir. 1965), specifically disclaimed ruling on the applicability of § 455. In any event, that case concerned the trial court's employment of one of the party's counsel to represent the court on an appeal of its order.

Nor does the court on its own investigation discover any interpretations of § 455 that would suggest the propriety of the court's recusation. In fact, those cases coming closest to the instant situation have found § 455 inapplicable. For example, a judge who previously supervised all federal criminal investigations in his district as United States Attorney was not required to recuse himself in a case involving defendants who were being investigated during his tenure as United States Attorney. United States v. Wilson, 426 F.2d 268 (6th Cir. 1970). See also Borough of Hasbrouck Heights, N. J. v. Agrios, 10 F.Supp. 371 (D.N.J. 1935).

Carried to its logical extreme defendants' argument would mean that no judge could ever have before him any person with whom he had ever had dealings in an official capacity. Here the court's

previous contact with defendants was purely in an official, neutral role. No personal contact is alleged. If official association required recusation under § 455 then so would having more than one case involving the same party. Furthermore, if the court were to accept defendants' arguments, she could not sit in any case in which the City or State of New York were parties, since she has had far more prior official contact with both than she has ever had with Teleprompter Corporation.

In sum, the court does not consider it improper in the least to sit on this trial. The Court in Rapp v. Van Dusen, *supra*, 350 F.2d at 812, stated: ". . . the proper administration of justice requires of a judge not only actual impartiality, but also the appearance of a detached impartiality." The court believes both are present here.

See also D.C., 343 F.Supp. 1033, 1045.