Griffin **BELL**, Attorney General of the United States and Clarence Kelley, Director of the Federal Bureau of Investigation, Petitioners,

v.

Honorable Stephen S. **CHANDLER**, United States District Judge for the Western District of Oklahoma, Robert G. Grove, Leo Winters and Ross Cummings, Respondents.

No. 77–1602.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 16, 1977.

Decided Jan. 6, 1978.

---

William S. Price, Acting First Asst. U. S. Atty., Oklahoma City, Okl. (John E. Green, Acting U. S. Atty., Oklahoma City, Okl., on the brief), for petitioners.

Robert G. Grove pro se, and for Leo Winters and Ross Cummings, respondents.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The Attorney General of the United States and the Director of the FBI, as petitioners, seek the issuance of a writ of mandamus and prohibition. The object of the petition for mandamus and prohibition filed pursuant to 28 U.S.C. § 1651, together with Rule 21 of the Federal Rules of Appellate Procedure, is to disqualify the Honorable Stephen S. Chandler, United States District Judge for the Western District of Oklahoma and to prohibit him from proceeding further in certain civil actions brought by Robert G. Grove, Leo Winters and Ross Cummings, who are prosecuting the civil actions to expunge the records of indictments returned in the Western District of Oklahoma. The petition also seeks to vacate the district court's order to produce documents.

The claims in the several suits are that the constitutional rights of the plaintiffs are violated as a result of the return of the indictments. Particular objection is advanced to the fact that arrest records, fingerprint records and identification records continue to be maintained, notwithstanding that the indictments have been disposed of favorably to the defendants. We are here concerned only with the petitions of the Attorney General, which seek protective relief from the discovery proceedings and which seek to disqualify Judge Chandler from continuing to sit in these cases.

On December 11, 1974, the United States filed a motion pursuant to 28 U.S.C. § 144 in which it requested that Judge Chandler disqualify himself in the mentioned civil cases on the ground that he had a personal bias and prejudice against William R. Burkett, formerly United States Attorney for the Western District of Oklahoma, and also against the United States. This motion was accompanied by the affidavit of William R. Burkett, which stated that Judge Chandler has a personal bias and prejudice against him and against the United States. The facts in support of this conclusion are: that in the case of *Hall v. Burkett*, No. 74–30 Civil, the judge exhibited bias and prejudice against the United States and the defendants by his actions, rulings and orders, and, further, that without just cause the court disbarred Burkett and five Assistant United States Attorneys, and at the same time instituted disciplinary proceedings against them. Burkett, who was then

the United States Attorney, was and is now the central figure in this controversy.

On February 27, 1975, Judge Chandler denied the motion to disqualify and ruled that the affidavit would be insufficient as a matter of law.

The starting point in considering the case at bar, is the decision of this court in *Burkett v. Chandler*, 505 F.2d 217 (10th Cir. 1974), *cert. denied*, 423 U.S. 876, 96 S.Ct. 149, 46 L.Ed.2d 110 (1975). The present case is much like another chapter in the Burkett-Chandler dispute. The controversy in that case grew out of a grand jury investigation of former Governor Hall and an effort on the part of the attorneys for Hall to take the deposition of Dorothy Pike for the avowed purpose of perpetuating her testimony. In the course of the conflict between then United States Attorney Burkett and Judge Chandler, Burkett and five of his Assistant United States Attorneys were disbarred and held in contempt. This court in *Burkett v. Chandler, supra,* an extraordinary writ case, carefully reviewed the proceedings and summarily reversed and vacated the order as being without basis. It was plain from a consideration of the proceedings that the action of the court was excessive and was procedurally deficient and that the results were wholly unjustified.

On December 6, 1974, Robert G. Grove requested production of certain documents, and on May 20, 1975, Judge Chandler granted this motion and proceeded to order the production of numerous other documents which had not been requested. On June 1, 1975, Judge Chandler was asked to reconsider the order that he entered. This motion was overruled on March 11, 1977. Finally, on July 25, 1977, following a pretrial conference which had been held on July 19,

of which the government had received no prior notice, the court refused to grant the government's motion for a protective order. The order to produce has been stayed by this court.

The terms, conditions and scope of the discovery order can be judged from examining it, and hence we have appended it to this opinion. We consider it only in the context of the charge that Judge Chandler is prejudiced in the civil actions for seeking the purging of the records. We do not consider the merits of the discovery order at this time.

We must construe and apply two statutes in determining this matter. The first of these is 28 U.S.C. § 144 (1970). The provisions of it are that where a timely affidavit is filed alleging that the judge before whom the action is pending has a personal bias against the party or in favor of an adverse party, the judge shall proceed no further and another judge shall be assigned. The affidavits must state the facts and the reasons for the belief that bias or prejudice exists.[1]

28 U.S.C. § 455 (Supp. V, 1975) provides:

(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

Plaintiff filed his complaint before the effective date of the December 1974 amendment to § 455. Hence, the former version of that statute is applicable to him. The complaints of the other two plaintiffs were

---

1. 28 U.S.C. § 144 (1970) provides as follows:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . . A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

filed after the effective date of the amendment and, therefore, it applies to them. The version of § 455 which applies to Grove reads as follows:

Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

28 U.S.C. § 455 (1970).

█ There is no question but that a mandamus petition may be used to force the disqualification of a district court judge. *See United States v. Ritter*, 273 F.2d 30 (10th Cir. 1959), *leave to file petition for cert. or mandamus denied*, 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960); *Occidental Petroleum Corp. v. Chandler*, 303 F.2d 55 (10th Cir. 1962), *cert. denied*, 372 U.S. 915, 83 S.Ct. 718, 9 L.Ed.2d 722 (1963); *United Family Life Insurance Co. v. Barrow*, 452 F.2d 997 (10th Cir. 1971).

█ Section 144 requires that where an affidavit of personal bias or prejudice is filed, the judge must cease to act in the case and proceed to determine the legal sufficiency of the affidavit. He is not, however, allowed to pass upon the truth of its statements. *See Berger v. United States*, 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921); *United States v. Ritter*, 540 F.2d 459, 461–62 (10th Cir.), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976).

The test for the affidavit's adequacy is whether it satisfies the requirement that the facts and reasons stated therein "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Berger, supra* 255 U.S. at 33–34, 41 S.Ct. at 233. In *Berger* the allegations that the judge was prejudiced against three of the defendants because they were born in Germany or Austria were held to be sufficient. These allegations were supported by statements that the judge had made. A disqualification order

under § 144 should be issued when "a reasonable man would conclude on the facts stated [in the affidavit] that the district judge had a special bias against defendant." *United States v. Thompson*, 483 F.2d 527 (3d Cir. 1973), *motion for leave to file pet. for writ of prohibition and/or mandamus denied*, 415 U.S. 911, 94 S.Ct. 1456, 39 L.Ed.2d 496 (1974). As was said in *Berger*, there would be no serious detriment to the administration of justice since it is of no concern to either the judge or the parties that a particular judge preside in the subject case.

In the case at bar the evidence relied on to establish the claim of prejudice is the showing of the actions of Judge Chandler in previous cases in which the United States was a party and in which United States Attorney Burkett was the lawyer. The most significant of these is *Burkett v. Chandler, supra*, in which the summary disbarment and orders were considered. Animus toward Burkett was there apparent. We stated that Burkett and Chandler were engaged in "a legal tug-of-war." The affidavit of Burkett in the present case was contemporaneous with the decision rendered in *Burkett v. Chandler, supra*.

█ The second reference point for showing bias is the discovery order which exceeded the requests contained in the motion. No direct relationship between the judge and the party or the case is required under § 144 in order to have a showing of bias. In *Occidental Petroleum Corp. v. Chandler*, 303 F.2d 55 (10th Cir. 1962), *cert. denied*, 372 U.S. 915, 83 S.Ct. 718, 9 L.Ed.2d 722 (1963), Judge Chandler was disqualified because he was held to have "a personal enmity, hostility, bias, and prejudice against Occidental and cannot therefore fairly and impartially hear and determine any matter involving Occidental." *Id.* at 57.

In *United States v. Ritter*, 273 F.2d 30 (10th Cir. 1959), *leave to file pet. for cert. or mandamus denied*, 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960), Judge Ritter was disqualified from a case on the ground that "the United States cannot obtain a fair and

impartial trial before the presently presiding judge."

The prejudice which we here consider is in accordance with the requirement of the statute in that it is personal rather than judicial. *See United States v. Bray*, 546 F.2d 851 (10th Cir. 1976). The facts alleged establish the lack of likelihood that the United States can obtain a fair and impartial trial if Judge Chandler presides. He must, therefore, disqualify himself under § 144 and, since he has refused to do so, he must be so ordered by this court.

The prior version of § 455 is more specific and thus more limited than either the present § 455 or § 144. The present version of § 455 seeks to broaden the grounds for disqualification and to remove ambiguities. *See* H.R.Rep.No.1453, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News 6351. Subsection (a) of the new version requires disqualification where the judge's "impartiality might reasonably be questioned." Subsection (b) enumerates specific circumstances requiring disqualification, including (b)(1). This subsection is similar to the "personal bias or prejudice" provision in § 144. Subsection (a) questions whether "there exists a reasonable likelihood that the cause will be tried with the impartiality that litigants have a right to expect in a United States district court." *United States v. Ritter*, 540 F.2d 459, 464 (10th Cir.), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976). In that case, there was evidence which showed possible prejudice in favor of one of the defense attorneys in a criminal antitrust case. We had specifically found that the attorney had not represented the judge in certain Bar Association proceedings. We nonetheless concluded that it was unlikely that the cause would be tried with impartiality.

Under the same section, we held in *Webbe v. McGhie Land Title Co.*, 549 F.2d 1358, 1361 (10th Cir. 1977), that the "appearance of impartiality is virtually as important as the fact of impartiality." This

case also held that disqualification is required where there is not a reasonable likelihood that the trial judge could preside in "a fair and impartial manner" or could try the facts "with detachment and objectivity." We must conclude that under the broad standard created by the amended § 455(a) and (b)(1), an order of disqualification of Judge Chandler must be entered. It appears inevitable that the several cases will be decided against the government because the tendency to favor these particular plaintiffs has become manifest. Thus, to shirk the burdensome and painful task at this time could only lead to further complexities in future proceedings in these cases. On the other hand, it is certain that since the parties-plaintiffs seek only a fair and just result, they have no need for any particular judge.

We conclude that under the standards of amended § 455(a) and (b)(1), the relief sought must be granted. The particular section is limited to plaintiffs Winters and Cummings, but the same conclusion is applicable under § 144 to all three plaintiffs. Therefore, since Judge Chandler should have disqualified himself, and since the cause is to be heard and determined by some other judge, the order for production of documents should be and the same is hereby vacated. The request must be determined by the judge assigned to the case. This renders it unnecessary for this court to consider the validity of the motion to produce.

The judgment of the court is that the writ of mandamus and prohibition shall issue compelling the disqualification of Judge Chandler in the underlying Civil Action Nos. 74–611–C, 75–0407–C, and 75–0413–C (W.D.Okl.). It is further ordered that the district court vacate the order to produce entered July 25, 1977. The cause is, of course, remanded for further proceedings. It is assumed that the judge assigned to the case will have further hearings on the discovery request.

APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

ROBERT G. GROVE,

        Plaintiff

      –vs–

EDWARD H. LEVI, Attorney
General of the United States
and CLARENCE KELLY, Director
of the Federal Bureau of
Investigation,

        Defendants

CIVIL NO. 74–611–C

## ORDER

NOW on this 8th day of March, 1977, this cause came on for pretrial and disposition of outstanding matters, plaintiff appearing pro se and defendants appearing by John E. Green, Acting United States Attorney by Richard F. Campbell, III, Assistant United States Attorney.

On May 20, 1975, the Court entered its order requiring defendants to produce data and documents pursuant to Rule 34, Federal Rules of Civil Procedure. Plaintiff having requested the Order be amended,

IT IS THEREFORE, THE ORDER OF THE COURT, that defendants shall produce at the office of the Clerk of the United States District Court for the Western District of Oklahoma, in Oklahoma City, Oklahoma, on or before the 7th day of April, 1977, the following material:

1. Log of the Attorney General, or a true copy thereof, from and including May 13, 1971, until May 5, 1974.

2. Minutes of the meeting between the Attorney General John Mitchell, Dewey Bartlett and Assistant Attorney General Richard Kliendienst, on May 13, 1971.

3. Copies of all memoranda between the Department of Justice and the Whitehouse, between the dates of May 13, 1971, and May 5, 1974, pertaining to either Robert G. Grove or Leo Winters.

4. All files in the possession of the Attorney General of the United States and the Federal Bureau of Investigation, concerning the investigation of the plaintiff and his co-defendant, Leo Winters.

5. All written statements taken from witnesses by the Federal Bureau of Investigation, Federal Bank Examiners, Internal Revenue Agents or other government investigatory agencies concerning the plaintiff and his co-defendant, Leo Winters, between the dates of May 13, 1971 and May 5, 1974.

6. Any and all other records, memoranda, logs, or minutes of meetings concerning the investigation and subse-

quent indictment and trial of the plaintiff, and his co-defendant, Leo Winters, between the dates of May 13, 1971, and May 5, 1974.

IT IS THE FURTHER ORDER OF THE COURT that defendants' Motion to Reconsider the Order requiring production of the aforesaid documents be, and hereby is, overruled and denied.

s/ Stephen S. Chandler
STEPHEN S. CHANDLER
United States District
Judge