968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth E. HALL, Jr., Plaintiff-Appellant,
v.
Gary MAYNARD, Director of Oklahoma Department of
Corrections; James Saffle, Warden, O.S.P.; Bobby Boone,
Deputy Warden; Dan Reynolds, Warden, M.A.C.C.; Laura
Maxwell, Case Manager, M.A.C.C.; Billy Keys, Law Library
Supervisor, Defendants-Appellees.
 No. 91-7110.
 United States Court of Appeals, Tenth Circuit.
 June 26, 1992.
 
 Before STEPHEN H. ANDERSON and BALDOCK, Circuit Judges, and CONWAY,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Kenneth E. Hall, Jr., appeals from a district court order dismissing his 42 U.S.C. § 1983 complaint. Plaintiff, a prisoner, filed a complaint alleging that Defendants confiscated his tobacco ties, which are of religious significance, without due process; cut his hair in violation of his religious beliefs and then failed to respond to his appeal from the denial of an exemption to the prison grooming requirement; and retaliated against him for filing a previous lawsuit.
 
 
 3
 Twenty days after filing the complaint, Plaintiff filed a motion for recusal and disqualification of the judge pursuant to 28 U.S.C. §§ 144 and 455. The grounds for the motion were that the district court judge had ruled against other prisoners bringing similar claims against the Oklahoma Department of Corrections. In response, the court issued an Order Requiring Special Report (ORSR). The ORSR ordered Defendants to file a special (Martinez ) report. It further provided that all pending motions were stricken without prejudice to their being reasserted after the Martinez report was filed. Plaintiff never refiled his motion for recusal and disqualification, and the judge never ruled on it. After reviewing the Martinez report, the court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d) pursuant to Defendants' motion.
 
 
 4
 Plaintiff argues that the district court judge erred in failing to rule on the motion for recusal and disqualification before proceeding to decide the case.[1] Section 144 requires that when an affidavit of personal bias or prejudice is filed against a judge, he or she must cease to act in the case and proceed to determine the legal sufficiency of the affidavit. Bell v. Chandler, 569 F.2d 556, 559 (10th Cir.1978). We therefore conclude that the district court erred in striking the motion for recusal and disqualification without first determining its legal sufficiency. Because this court cannot determine whether the district court would have granted the motion had it ruled, we partially remand the case for the sole purpose of permitting the district court to determine the legal sufficiency of the motion. The district court shall set forth its reasons for its decision on the motion. See Hinman v. Rogers, 831 F.2d 937, 938-40 (10th Cir.1987) (considerations in ruling on motion for recusal and disqualification). We retain jurisdiction of the appeal and will dispose of it after the district court acts on remand. See Easley v. University of Michigan Bd. of Regents, 853 F.2d 1351, 1358 (6th Cir.1988) (appellate court retains jurisdiction of appeal and remands case to district court for further ruling on motion for disqualification of judge).
 
 
 5
 We RETAIN JURISDICTION and REMAND the case for further proceedings consistent with this order and judgment.
 
 
 
 *
 Honorable John E. Conway, District Judge, United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff filed a proceeding in the nature of mandamus with this court to compel the district court to hear and decide the motion for recusal and disqualification. We denied his request because he had not shown he was entitled to mandamus relief. Hall v. United States Dist. Court, No. 91-586 (10th Cir. June 27, 1991)