**THOMAS v. UNITED STATES.**
**No. 11857.**

United States Court of Appeals
District of Columbia Circuit.
Jan. 21, 1954.

Mr. James S. Brocard, Washington, D. C., for appellant.

Mr. William J. Peck, Asst. U. S. Atty. at the time of submission, Washington, D. C., for appellee.

Before STEPHENS, Chief Judge, and BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

The appellant was indicted on February 9, 1953, in a one-count indictment charging him with robbery, "being then and there armed with a pistol." After he had entered a plea of guilty, the appellant was sentenced to serve a term of six years and eight months to twenty years. The appellant then moved to "vacate or correct illegal sentence." That motion was denied by the District Court on June 19, 1953, but that court, the same day, granted leave to the appellant to proceed on appeal without prepayment of costs. The sole issue on the appeal is whether the sentence imposed was greater than the maximum permissible by law. We think that it was.

D.C.Code Title 22, § 2901 (1951), under which the appellant was indicted, reads:

"Whoever by force or violence, whether against resistance or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value, is guilty of robbery, and any person convicted thereof shall suffer imprisonment for not less than six months *nor more than fifteen years.*" [Emphasis supplied.]

D.C.Code Title 22, § 3202 (1951), provides:

"If any person shall commit a *crime of violence* in the District of Columbia when armed with or having readily available any pistol or other firearm, he may, in addition to the punishment provided for the crime, be punished by imprisonment for a term of not more than five years. . . ." [Emphasis supplied.]

D.C.Code Title 22, § 3201 (1951), defines "crime of violence" as follows:

" 'Crime of violence,' as used in this chapter, means any of the following crimes, or an attempt to commit any of the same, namely: Murder, manslaughter, rape, mayhem, maliciously disfiguring another, abduction, kidnaping, burglary, housebreaking, larceny, any assault with intent to kill, commit rape, or robbery, assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment in the penitentiary."

It will be observed from the foregoing that under Section 3201 the crime of robbery is not included within the definition of "crime of violence" although assault with intent to commit robbery is. Therefore the additional penalty of five years' imprisonment imposable under Section 3202 upon one who commits a crime of violence armed with or having readily available any pistol or other firearm cannot lawfully be imposed upon persons convicted of robbery "being then and there armed with a pistol." According-

ly, as the sentence imposed upon appellant exceeds the fifteen-year maximum permissible term under Section 2901, we are obliged to set aside the order denying appellant's motion to vacate sentence and to remand the case to the District Court for resentencing under the provisions of D.C.Code Title 22, § 2901 (1951).

It is so ordered.