**Leonard R. OBERY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12127.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 8, 1954.

Decided Dec. 9, 1954.

---

3. One is described as the National Board of Examiners in Naturopathy, the other as the National Board of Naturopathic Examiners.

Mr. Dickson R. Loos, Washington, D. C. (appointed by this Court), for appellant.

Mr. John D. Lane, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

Leonard R. Obery, appellant herein, was convicted of robbery, after trial in the District Court. D.C.Code § 22-2901 (1951).[1]

On appeal his first claim is that his conviction was improper because the trial court did not give to the jury a cautionary instruction that "they must find the circumstances of the identification [of the accused as the criminal] were convincing, otherwise they must acquit * * *." No such instruction, however, was requested at the trial by appellant's then counsel. Normally, failure to give an instruction not requested does not constitute reversible error. Fed. Rules Crim.Proc. rule 30, 18 U.S.C.A.; see Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074. Appellant argues that nevertheless, under the rule in Tatum v. United States, 1951, 88 U.S.App.D.C. 386, 388-389, 190 F.2d 612, 614-615, he is entitled to "instructions which relate to his theory of the case and which will protect his substantial rights."

Tatum, of course, was based on the established rule that the trial court must instruct on " 'all essential questions of law involved in the case * * *.' " 88 U.S.App.D.C. at page 389, 190 F.2d at page 615. There is no essential question of law here as to which the court failed to instruct the jury. And if we assume arguendo that the rule in Tatum extends to any crucial issue either of law or of fact of a sort with which the jury cannot properly deal without a particularized instruction from the court,[2] no such issue is here presented. The court's instructions, though general, ade-

1. The indictment also relied on Section 22-3202 of the D.C.Code ("crimes of violence"), and appellant was sentenced in accordance with that statute. Later, for reasons parallel to those stated in Thomas v. United States, 1954, 93 U.S.App.D.C. 282, 210 F.2d 21, the case was remanded to the District Court for re-sentencing under Section 22-2901 of the D.C.Code. Order of this court of September 3, 1953 (Misc. No. 276). After a new sentence had been imposed by the District Court. the appeal came on for hearing on the merits.

2. Cf. Lewis v. United States, 1 Cir., 1924, 295 F. 441, 447: " * * * no party can require the court, in effect, to argue his case by giving rulings based on a part only of the evidence * * *." Certiorari denied. 1924, 265 U.S. 594, 44 S.Ct. 636, 68 L.Ed. 1197.

quately guided the jury in its task of weighing the evidence.[3]

We note, too, that the testimony identifying appellant as the criminal was credible and strong. At the trial, the complaining witness identified the appellant by recognizing him as the man who had robbed her at an earlier time.[4] The witness Harold Jones testified that he had seen appellant immediately after the crime in an alley behind the establishment of the complaining witness, in the same clothes described by the complaining witness as those worn by appellant, and had recognized appellant as a man observed by him in his own neighborhood and known by the nickname of "Moose." Appellant admitted to being known by that nickname. Furthermore, it appeared without denial that the appellant told the police, shortly after his arrest, that he had committed the crime. Thus the jury could readily conclude that appellant's identification was established beyond a reasonable doubt.

■ Appellant's second contention is that the court should have given an instruction that the oral confession made by the appellant to the police should be regarded with caution. Here, again, no such instruction was requested at the trial. A similar question was recently answered by this court, on facts not materially different from those at bar. Jackson v. United States, 1952, 91 U.S.App. D.C. 60, 198 F.2d 497, certiorari denied, 344 U.S. 858, 73 S.Ct. 96, 97 L.Ed. 666. We there said: "While the cautionary instruction should have been given, * * the omission, in the circumstances of this case, was not such plain error 'affecting substantial rights' as leads us to reverse." The same is true here.

■ Appellant also complains of certain of the statements made by the prosecuting attorney in his summation to the jury. His attorney made objection to them, and moved for a mistrial. The motion was denied, but thereafter the prosecution's tone was moderated. Later, the court gave a cautionary instruction to the jury. Our reading of the record does not lead us to conclude that "misconduct was pronounced and persistent," Berger v. United States, 1935, 295 U.S. 78, 89, 55 S.Ct. 629, 633, 79 L.Ed. 1314, so as to result in reversible error.[5]

For these reasons, the judgment of the District Court will be

Affirmed.

---

3. The charge said in part:
   "The law is that this defendant is presumed to be innocent. The burden of proof is upon the Government to prove him guilty beyond a reasonable doubt. Unless the Government sustains this burden and proves beyond a reasonable doubt that this defendant has committed every element of the offense charged, then you on the jury must find the defendant not guilty.
   *    *    *    *    *    *
   "In determining whether the Government has established the charge against this defendant you must consider and weigh the testimony of all of the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you must determine what witnesses to believe and to what extent to believe them."
   The content of these instructions seems in itself sufficient to distinguish this case from McKenzie v. United States, 1942, 75 U.S.App.D.C. 270, 126 F.2d 533, on which appellant relies. Other distinguishing factors are that in the McKenzie case the conviction rested largely on the testimony of the complaining witness, without substantial supporting evidence; there was no confession, but a strong case for the defense; the instructions were erroneous and imprecise, and amounted to an invitation to the jury to guess or speculate.

4. She had said the same thing, shortly after the robbery, to police officers and newspaper reporters. She also gave the officers a full description of appellant's appearance and his actions as she had observed them.

5. The remarks of the prosecuting attorney here cannot in any way be compared to those inflammatory harangues which have led to a reversal of the convictions in other cases. See New York Central R. Co. v. Johnson, 1929, 279 U.S. 310, 49 S.Ct. 300, 73 L.Ed. 706; Read v. United States, 8 Cir., 1930, 42 F.2d 636.