**Charles M. JONES, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 16736.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 16, 1962.

Decided July 12, 1962.

Petition for Rehearing Denied Sept. 18, 1962.

Edgerton, Circuit Judge, dissented.

Mr. Johannes R. Krahmer, Washington, D. C. (appointed by this court), for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Joseph A. Lowther, Asst. U. S. Atty., were on the brief for appellee. Mr. Arnold T. Aikens, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

█ Appellant was convicted of robbing a hotel clerk. The episode occurred about 4:30 A.M. on November 25, 1960. He argues first that police arrested him without probable cause, and on that account, a photograph of him taken at a "line-up" and testimony concerning it were improperly received in evidence. But appellant's trial counsel (who is not his present counsel) did not object to the introduction of this evidence, and its admission certainly cannot be considered plain error affecting substantial rights.[1] Accordingly, as the matter was not raised at the trial, we decline to review it here. Crawford v. United States, 91 U.S.App.D.C. 234, 237, 198 F.2d 976, 979 (1952); Lawson v. United States, 101 U.S.App.D.C. 332, 338, 248 F.2d 654, 660 (1957).

██ Conflicting testimony gave rise to the appellant's next argument as to the sufficiency of the evidence. That the jury might have rejected as quite incredible the appellant's purported explanations and his claim of alibi is readily discernible from the transcript. In any event, we had here a genuine issue of fact, the resolution of which presented a typical jury problem, coming squarely within the rule of Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942) and Curley v. United States, 81 U.S.App. D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). The trial judge did not err in denying appellant's motion for acquittal.

Appellant's next point involves a claim of inadequacy in the charge. His trial counsel pointed out in argument that the "crux of this case, ladies and gentlemen, is the identification." Both counsel at length discussed the issue, and in great detail. We are satisfied that the jury could not have mistakenly evaluated the importance of the only real question in the case, for the judge's instructions almost immediately followed the closing arguments. Appellant's trial counsel must have reached a like appraisal. He was asked, when the judge concluded, "Do you request any further charge?" "No, Your Honor." "Do you have any objection to the charge as given?" "No, Your Honor."

After instructing the jury as to the elements of the offense, the judge charged that the jury was to presume the innocence of the accused and that the presumption was to remain with him "until the Government removes it by proving beyond a reasonable doubt that he committed all of the elements of the offense with which he is charged." He added, explaining the application of the principle of "reasonable doubt":

"If after a fair and impartial comparison and consideration of all of the evidence in the case, that is, the evidence offered by the Government, the evidence offered by the Defendant, and his witnesses, you can truthfully say to yourselves that you are not convinced of the Defendant's guilt, then you have a reasonable doubt and, of course, your verdict should be, not guilty."

Continuing, he instructed:

"In determining whether the Government has established the charge of robbery against this Defendant, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judge of the credibility of these witnesses. This means, of course, that you must determine which of these witnesses you are going to believe and to what extent you are going to believe them."

Importantly the trial judge here emphasized that

"this matter of credibility of witnesses is going to be one of the fore-

---

1. The record shows that within a few minutes, the victim notified police he had been robbed and described the perpetrator. An eye witness to the robbery supplied the name by which appellant was known to him. The police accordingly went to the appellant's former residence and arrested him when he appeared there.

most problems that you have to meet, bcause the testimony of these witnesses is in open and diametric conflict on several points. You must determine the facts by deciding which of the witnesses you are going to believe. * * * If you believe that any witness wilfully testified falsely as to any material fact concerning which the witness could not possibly be mistaken, you are then at liberty, if you deem it desirable to do so, to disregard the entire testimony of that witness or any part of the testimony of that witness."

■■ We are persuaded, viewing the charge as a whole, that the jury could not have failed to understand that its task was to decide whether or not Jones was in fact the man who had held up the hotel clerk.[2] Moreover, there were no requests for special instructions. Fed. R.Crim.P. 30, 18 U.S.C.A., is explicit. "No party may assign as error any portion of the charge or *omission therefrom* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." (Emphasis added.)

■ Appellant had testified to a larceny conviction in North Carolina. He now complains that the judge in sentencing him also took into account criminal charges which had not predicated convictions. But Fed.R.Crim.P. 32(c)(2) ex-

pressly provides for a presentence report to the court which may consider "such information" about the characteristics of the accused as may be helpful in imposing sentence. Cf. Williams v. New York, 337 U.S. 241, 244, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). The sentence imposed was within lawful limits.

We find no error requiring reversal.[9]

Affirmed.

EDGERTON, Circuit Judge (dissenting).

I agree that the appellant was not entitled to a directed verdict but I think he should have a new trial.

William E. Gee, a night clerk at the Whitelaw Hotel, was robbed on November 25, 1960. Only one man was involved in the offense. It is not disputed that appellant Jones, and also a man named Hastings, entered and left the lobby shortly before the robbery. The prosecution contended that Jones returned and robbed Gee. The defense suggested that Hastings did. Appellant Jones has been convicted of the robbery.

Gee testified that Jones was the robber. So did one eyewitness, Fudge. Another eyewitness, Knight, testified that the robber was not Jones, but a taller man, about five feet eight. Jones testified without dispute that Hastings was about five feet seven or eight and that Jones himself was five feet two, or five feet three in shoes. All three of the wit-

---

2. Appellant here argues, for the first time, that the issue of "identification" should have been treated with greater particularity in the instruction. He relies upon McKenzie v. United States, 75 U.S.App. D.C. 270, 126 F.2d 533 (1942). There, in a death case, this court noted that the conviction had rested largely on the testimony of the complainant that the accused, and not someone else, had perpetrated the crime. The court pointed out how dubious was her testimony. There were several grounds upon which the opinion was based, not the least being the instruction by the trial judge on the "motivation" of the complainant.

In not dissimilar context we previously had occasion to distinguish the McKenzie case. See Obery v. United States, 95 U.S.App.D.C. 28, 217 F.2d 860 (1954),

cert. denied, 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255 (1955). As in Obery, so here we perceive from the instructions no basis for a conclusion that the jury was permitted to guess or speculate. In light of the conflict as to identification which had been so elaborately argued before the jury, the issue of identification was squarely framed, subject to the test of credibility as emphasized by the trial judge. The McKenzie case, in the view of the majority, does not require reversal here.

3. Williams v. United States, 113 U.S.App. D.C. ——, 303 F.2d 772 (decided May 4, 1962), and cases cited, note 2; Moore v. United States, 104 U.S.App.D.C. 327, 262 F.2d 216 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959).

nesses who saw the robbery were in approximate agreement about the height of the robber. One said he was about five feet seven, one said five feet six or six and a half, and one about five feet eight.

Gee described the clothes the robber wore. If I correctly understand the record, in a police line-up some hours after the robbery Hastings was wearing such clothes and Jones was not. The prosecutor said to the court: "It is the Government's contention, Your Honor, there was a switching of clothes here." This is nearly equivalent to saying that Hastings as well as Jones wished to make it appear that Hastings was the robber.

Gee testified that the robber had sideburns, a goatee, and hair on his upper lip. On a photograph of the line-up Gee pointed out a man, later identified as Hastings, who was wearing a goatee and a moustache, as the person Gee had "described who had the sideburns". The photograph showed Jones to be clean shaven. The Government contended he had recently shaved.

In his charge to the jury the judge said: "The Defendant in this case offers an alibi as a defense to the charge of robbery. That is, the Defendant says that he was not at the point where the crime occurred which is named in the indictment, and that, consequently, he could not have committed the crime." The charge did not allude to any testimony, except the alibi, that the defendant was not the robber. The charge completely ignored the confused and contradictory identification testimony. It called attention to the Government's obligation to prove "that the Defendant has committed all of the elements of the offense with which he is charged". By referring to the alibi defense alone, referring to the requirement that "all of the elements of the offense" must be proved, and ignoring the conflict in the identification testimony, the charge may well have implied to the jury that they also could ignore

that conflict;[1] that unless they believed the defendant's alibi, they could not reasonably doubt that it was the defendant who attacked Gee and they should convict the defendant if the attack on Gee included all the elements of robbery.

Appellant's trial counsel, who was not his present counsel, did not object to the charge to the jury. But in view of the testimony and the charge, I think "the failure to say in plain words that if the circumstances of the identification were not convincing, they should acquit, was error." McKenzie v. United States, 75 U.S.App.D.C. 270, 273, 126 F.2d 533, 536. I think the error was so plain and so prejudicial that we should notice it, pursuant to our authority under Rule 52(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE, although it was not brought to the attention of the trial court.

---

1. In saying "the testimony of these witnesses is in open and diametric conflict on several points", the judge did not indicate which witnesses or which points he had in mind.