**Norman SALLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19287.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 5, 1965.

Decided Nov. 24, 1965.

Mr. William W. Greenhalgh, Washington, D. C. (appointed by this court), for appellant.

Mr. Charles L. Owen, Asst. U. S. Atty., with whom Messrs. John C. Conliff, Jr., U. S. Atty. at the time the brief was filed, and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. John A. Terry, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

This appeal is from a conviction for sale of narcotics to an undercover police officer. The crux of appellant's defense was that, while the officer may have purchased drugs from someone at the time and place claimed, the purchase was not made from the appellant. Consequently, defense counsel filed a written request setting forth an instruction on identity. The court denied the requested charge, and gave the boiler plate instruction,[1] adding only that "defendant denies that he made any such sale and takes the position that if Officer Brooks did buy these six capsules on September 3rd, he must have bought it [sic] from someone else * * *." Counsel renewed his request at the conclusion of the charge, but it was again denied.

In McKenzie v. United States, 75 U.S. App.D.C. 270, 273, 126 F.2d 533, 536 (1942), this court exercised its power to review the record in a death penalty case and found that "the failure to say in plain words that if the circumstances of the identification were not convincing, they should acquit, was error." McKenzie was distinguished in Obery v. United States, 95 U.S.App.D.C. 28, 217 F.2d 860 (1954), cert. denied, 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255 (1955), and in Jones v. United States, 113 U.S.App.D.C. 233, 307 F.2d 190 (1962), cert. denied, 372 U.S. 919, 83 S.Ct. 733, 9 L.Ed.2d 724 (1963), essentially because, unlike McKenzie, the

judge in the latter cases had instructed the jury that each element of the crime had to be proved beyond a reasonable doubt, and because defense counsel in both cases, neither involving a death sentence, had failed to request an identity instruction or except to the court's charge for failure to include one. See Rule 30, FED. R.CRIM.P.

■ Since Levine v. United States, 104 U.S.App.D.C. 281, 282, 261 F.2d 747, 748 (1958), it is clear that, despite the trial judge's correct charge that each element must be proved beyond a reasonable doubt, "it is reversible error for the court to refuse on request to instruct also as to defendant's theory of the case. This rule * * * applies as well to situations where special facts present an evidentiary theory which if believed defeats the factual theory of the prosecution * * *." See also Tatum v. United States, 88 U.S.App.D.C. 386, 391, 190 F.2d 612, 617 (1951). The principle announced in Levine has particular application to a defense based on lack of proper identification in a narcotics case.

■ The widespread police practice of utilizing undercover agents and informers to infiltrate the narcotics underworld is effective and necessary. But it creates added danger that the innocent may be convicted. The undercover agent often files for as many as 100 warrants after his tour of duty, which generally lasts for a number of months. During that time he meets many people, making buys from some and not from others. The possibility of error due to mistake and the fallibility of human memory is

---

1. In addition to the part quoted in text, the part of the charge on which the Government relies as instruction on identification follows:

"* * * Unless the Government sustains this burden and proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged, the jury must find him not guilty.

"I repeat, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt. * * *

* * * * *

"If you find by proof beyond a reasonable doubt that the defendant sold the drug involved in this case to Officer Brooks on September 3rd, and the other elements of the offenses are proven beyond a reasonable doubt, you may find the defendant guilty. If, however, you find that the defendant did not make the sale, of course, you will find the defendant not guilty on each count. And if you have a reasonable doubt as to whether the defendant did or did not make the sale, you will also find the defendant not guilty."

obvious. Often the only chance a defendant has to defend himself without accusing the officer of total fabrication is to raise in the jury's mind a reasonable doubt as to whether the defendant was, in fact, the seller. A requested instruction specifically bringing this defense of mistaken identity to the jury's attention in a narcotics case must be given. The trial judge was not obligated to give the charge in exactly the words requested by defense counsel.[2] He was obligated to instruct the jury that if there was a reasonable doubt as to the identification of the defendant as the person who made the sale, then the jury should acquit.

The Government argues in its brief that from the instructions given "it may fairly be concluded that the jury understood that its primary task was to determine if Officer Brooks was mistaken in his identification." It may be that some jurors drew this conclusion, but the matter is too important to be left to inference and speculation.

There are, in addition, a number of other grounds which independently require reversal, but we do not discuss them at length. Suffice it to say that the trial court unreasonably failed on request to ask questions on *voir dire* required by this court in Sellers v. United States, 106 U.S.App.D.C. 209, 271 F.2d 475 (1959), and Brown v. United States, 119 U.S.App.D.C. 203, 338 F.2d 543 (1964), the trial court prevented appellant from obtaining financial statements of a Government witness under the Jencks Act, 18 U.S.C. § 3500, Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256 (1961), and the trial court

interfered unduly with the proper trial of the case by his comments to defense counsel both before and out of the presence of the jury. See Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881 (1950); Young v. United States, 120 U.S.App.D.C. 312, 346 F.2d 793 (1965), and cases therein cited.

This conviction is therefore reversed, and the case is remanded for a new trial before a different judge. See Naples v. United States, 113 U.S.App.D.C. 281, 307 F.2d 618 (1962) (*en banc*).

Reversed and remanded.

---

2. Defense counsel requested the following charge:

"You are instructed that the identity of the defendant as the person who committed the crime is an element of every crime. Therefore, the burden is on the Government to prove beyond a reasonable doubt not only that the crime alleged was committed, but also that the defendant was the one who committed it.

"* * * You must be satisfied beyond a reasonable doubt of the accura-cy of the witness' identification of the defendant.

"In this regard, you are instructed that it is not necessary for the defendant to prove that another person may have committed the crime, nor is the burden on the defendant to prove his innocence. If facts and circumstances have been introduced into evidence which raise a reasonable doubt as to whether the defendant was the person who committed the crime charged, then you should find the defendant not guilty of the offense."