**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ronald David CARABBIA et al., Defendants-Appellants.**

**No. 74–2266.**

United States Court of Appeals, Sixth Circuit.

March 13, 1975.

---

guilty to the offense of conducting a gambling business in violation of 18 U.S.C. § 1955. Appellant was one of several defendants who pleaded guilty to a violation of 18 U.S.C. § 1955 apparently in exchange for dismissal of the other count of the indictment charging them with a conspiracy to violate 18 U.S.C. § 1955 in violation of 18 U.S.C. § 371, and for the dismissal of both counts against one defendant. After sentencing, appellant and the other defendants who had pleaded guilty moved to withdraw their guilty pleas under Rule 32(d) of the Federal Rules of Criminal Procedure on the grounds that the pleas were involuntary and had been induced by threats and promises. No claim was made that Rule 11 F.R.Crim.P. had not been complied with. The district judge who had accepted the pleas and imposed the sentences scheduled an evidentiary hearing on the motions.

At the hearing, there was testimony that the defendants had been advised that the district judge would impose a prison sentence if they were convicted after electing to stand trial but that a prison sentence would not be imposed if they would plead guilty. During the hearing, the judge asked one of the defense lawyers whether he had told the lawyer that it was his policy to impose prison sentences upon convicted defendants who elected to stand trial, and the attorney who was under oath, responded that the judge had.

Q (By the Court) When did I make that statement?

A (Ralph Ross) At the time when the jury was outside of the box and I believe we were in here arguing on some motions, to the best of my recollection.

Q Oh, that would be on the record then, is that correct, Sir?

A No, it was not on the record because if I recall correctly, your honor, you didn't want anything on the record there because you got a little hot at Bob Rotatori.

\*    \*    \*    \*    \*    \*

Elmer A. Giuliani, Cleveland, Ohio, for defendants-appellants.

Frederick M. Coleman, U. S. Atty., David Margolis, Steven R. Olah, Paul R. Corradini, Cleveland, Ohio, David E. Roseberry, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK and McCREE, Circuit Judges.

PER CURIAM.

Carabbia appeals from an order denying his motion to withdraw his plea of

Q   And I made the statement as to what? Now, you repeat the words as accurately as you possibly can.

A   To the best of my knowledge what took place was the fact that if these men proceeded and went on through trial, you could pretty well guarantee they were going to go to jail if they were found guilty.

And during the same examination by the court, the following exchange occurred:

Q   And I told you and Bob Rotatori that if their defendants did not plead guilty, that they were going to go to jail?

A   Yes, sir.

When the court observed that the record did not reveal these statements that Ross attributed to the judge, Ross responded, "I am sure the court did not put that in the record because it has no place in the record. It is merely a conversation between the court and the lawyer and perhaps plea-dealing."

Appellant presents two issues on appeal: (1) whether the sentencing judge should have conducted the evidentiary hearing, and (2) whether the court abused its discretion in denying the motion to withdraw the plea. We hold that the evidentiary hearing should have been conducted by a judge other than the one who imposed the sentence, and we find it unnecessary to decide the other issue.

■ Rule 32(d) of the Federal Rules of Criminal Procedure provides:

A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

After sentence has been imposed, a district court's decision not to permit the withdrawal of a plea of guilty will not be disturbed unless there is an abuse of the wide discretion accorded him in the rule quoted above. Scott v. United States, 292 F.2d 49 (6th Cir. 1961). And when the files and records of the court show that a movant is not entitled to relief, the motion may be denied without a hearing. Here, however, the trial judge decided to conduct a hearing and he did not err in commencing to preside over it. However, when the state of the evidence demonstrated that the issue of involuntariness turned on a critical question of fact, and that the judge's own version of the occurrence was challenged, and that the issue could not be resolved by recourse to a stenographic record, he should have referred the motion for disposition to another judge. In making this determination, we follow the decision in Bryan v. United States, 481 F.2d 272, 274 (5th Cir. 1973) where the court held that when a claim is made that a guilty plea was induced by a plea-bargain that was subsequently broken, the hearing should be held before a judge other than the one claimed to have been a party to the bargain "both for the judge's sake and the appearance of justice." *Cf.* Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925).

In the appeal before us, after analyzing the conflicting testimony, the judge found "the Court is firmly convinced that, as a matter of fact, the Court made neither promises nor threats to any of the defendants herein concerning sending them to jail if they were found guilty, or concerning what sentences they would receive if they pleaded guilty." The trier of fact should not be required to choose between his version of an event and a different one offered by a witness in the proceeding before him. We announce no *per se* rule for routine reassignment of motions to set aside guilty pleas because in most instances the remarks of the court in any discussions preliminary to the offering of a plea will be made of record.

For the foregoing reasons, the order denying leave to withdraw the guilty plea will be set aside and the cause will be remanded with instructions to assign the motion to another judge for determination.