**Ronald BRADLEY et al., Plaintiffs,**

v.

**William G. MILLIKEN, Governor of the State of Michigan et al., Defendants.**

**Civ. No. 35257.**

United States District Court,
E. D. Michigan, S. D.

Aug. 8, 1980.

Louis Lucas, Memphis, Tenn., Thomas Atkins, Boston, Mass., for plaintiffs.

George T. Roumell, Jr., Theodore Sachs, Detroit, Mich., Paul J. Zimmer, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION

DeMASCIO, District Judge.

On June 30, 1980, the Clerk of the Court for the Eastern District of Michigan delivered to this court a copy of the court of appeals' mandate issued on May 30, 1980.[1] The chief judge has voiced his concern that, although the court of appeals' opinion suggested reassignment, the mandate does not require him to "reassign this case either to himself or to another appropriate judge." In its opinion, the court stated that, in view of "the challenge raised by the plaintiffs, and the bitter feelings that have developed," I should no longer preside in this case.

While I prefer to preside in this case until it is concluded, I find that I do not have that choice. There is precedent for the court's *sua sponte* direction that on remand this case be reassigned to a different judge.[2] *In re Schulman*, No. 79–3183 (6th Cir. May 4, 1979) (unpublished);[3] *United States v. Carabbia*, 512 F.2d 34 (6th Cir. 1975); *Pingatore v. Montgomery Ward and Co., Inc.*, No. 72–1324 (6th Cir. April 11, 1973) (unpublished). In one instance the court considered and decided against a reassignment on remand, *Drayton v. Jiffee Chemical Corp.*, 591 F.2d 352, 361–62 (6th Cir. 1978), and on another occasion suggested to a party that, if the trial court did not reassign the case to a different judge, the party could apply to the court of appeals for

---

1. Apparently, the original mandate was not received in this court. We are informed that the Clerk of the Court requested a copy, which he received on June 30, 1980.

2. The precedent that I refer to concerns only cases where reassignment was not compelled by a clear rule of law, such as the requirement of disqualification for relationships specified in 28 U.S.C. § 455(b) or for trial of criminal contempt involving disrespect to or criticism of a judge, Fed.R.Crim.P. 42(b).

3. Although I am aware that the sixth circuit does not consider its unpublished opinions to have precedential value, Rule 11, Rules of the United States Court of Appeals for the Sixth Circuit, I cite them here only because they illustrate the sixth circuit's view of its authority to reassign cases on remand.

an order of reassignment, *Elyria-Lorain Broadcasting Co. v. Lorain Journal Co.*, 358 F.2d 790, 794 (6th Cir. 1966). It is not significant that reassignment is not ordered in the mandate, or comes as a suggestion in an appellate opinion. In *United States v. Yagid*, 528 F.2d 962, 965 (2d Cir. 1976), the court believed that:

> [s]uch *suggestions* contained in appellate opinions should not be deemed merely precatory because they are not "ordered" . . . .[4]

(Emphasis added.)

Other circuits have on occasion ordered reassignment on remand. When its previous suggestion that a case be reassigned was not followed, the Court of Appeals for the Tenth Circuit concluded that it could order reassignment of a case pursuant to the all-writs statute, 28 U.S.C. § 1651, or alternatively, pursuant to its "inherent powers of appellate jurisdiction to effectuate what seems . . . to be the manifest ends of justice." *United States v. Ritter*, 273 F.2d 30 (10th Cir. 1959), *cert. denied* 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960). However, in granting the government's extraordinary request, the tenth circuit made it clear that it was doing so because it doubted Judge Ritter's impartiality.[5] In still another case, although "the proceedings were acrimonious at times and evidenced the existence of some feelings between the court and counsel," the tenth circuit held that the district judge did not err in refusing to disqualify himself. *Calvaresi v. United States*, 216 F.2d 891, 900 (10th Cir. 1954). But, the Supreme Court, in a one-sentence per curiam grant of certiorari, stated:

> In the interests of justice and in the exercise of the supervisory powers of the Court, certiorari is granted and the cases are severally reversed and remanded to the District Court for retrial before a different judge.

348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749 (1955).

The Supreme Court's summary reassignment in *Calvaresi* is cited as authority for ordering reassignment on remand in *Naples v. United States*, 307 F.2d 618, 631 (D.C.Cir. 1962); and *Blunt v. United States*, 244 F.2d 355, 368 (D.C.Cir.1957). In *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 107, 109–110 (5th Cir. 1974), the court relied upon its supervisory powers in directing that retrial be held before a different judge.

Although a reason for ordering reassignment is generally stated in the opinion, the various circuits do not agree on their authority for ordering reassignment on remand. Some circuits have not cited any authority for doing so. *In re Schulman*, No. 79–3183 (6th Cir. May 4, 1979) (unpublished) (personal animosity between trial judge and respondent; no authority for reassignment stated; analogy drawn to Fed.R.Crim.P. 42(b)); *United States v. Robin*, 553 F.2d 8 (2d Cir. 1977) (original trial judge might have difficulty disregarding erroneously received evidence; reassignment ordered pursuant to 28 U.S.C. § 2106); *United States v. Yagid*, 528 F.2d 962 (2d Cir. 1976) (original trial judge might be required to testify on remand; reassignment pursuant to 28 U.S.C. § 2106); *United States v. Carabbia*, 512 F.2d 34 (6th Cir. 1975) (statements

---

**4.** Apparently, the court in *Yagid*, having previously said that another judge "should preside over the new trial," was impatient with the district court's reluctance to reassign the case. The court pointedly said:

> [W]e emphatically reject the district court's notion that "[s]uch a provision in an appellate opinion . . . does not, *nor should it*, effect, without more, an automatic reassignment of the case." (Emphasis in original.)

**5.** This case was decided before the 1974 amendment to 28 U.S.C. § 455, which broad-

ened the grounds for disqualification, requiring a judge to disqualify himself or herself "in any proceeding in which his impartiality might reasonably be questioned." Thus, the court's action under 28 U.S.C. § 1651 or its "inherent powers of appellate jurisdiction" would now be specifically sanctioned under 28 U.S.C. § 455(a). *See, e. g., United States v. Ritter*, 540 F.2d 459, 464 (10th Cir. 1976), where *United States v. Ritter*, 273 F.2d 30 (10th Cir. 1959), was discussed and Judge Ritter was disqualified under 28 U.S.C. § 455(a).

made by trial judge were at issue in question of whether plea should be set aside; no authority for reassignment stated); *United States v. Columbia Broadcasting System, Inc.*, 497 F.2d 107 (5th Cir. 1974) (trial judge's own conduct was at issue; reassignment ordered pursuant to court's supervisory powers); *Pingatore v. Montgomery Ward and Co., Inc.*, No. 72–1324 (6th Cir. April 11, 1973) (unpublished) (trial judge reversed twice; third trial to be before a different judge; no authority for reassignment stated); *Salley v. United States*, 353 F.2d 897 (D.C.Cir.1965) (judge's impartiality might reasonably be questioned; citing *Naples*); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 810–11 (9th Cir. 1963) (trial judge abused his discretion by reversing ruling of another district judge; reassignment pursuant to 28 U.S.C. § 2106); *Naples v. United States*, 307 F.2d 618 (D.C. Cir.1962) (court was critical of trial judge's conduct; citing *Calvaresi* and *Blunt*); [6] *United States v. Ritter*, 273 F.2d 30 (10th Cir. 1959), *cert. denied*, 362 U.S. 950, 80 S.Ct. 863, 4 L.Ed.2d 869 (1960) (trial judge's impartiality might reasonably be questioned; reassignment pursuant to 28 U.S.C. § 1651 and the court's inherent powers of appellate jurisdiction); *Blunt v. United States*, 244 F.2d 355, 368 (D.C.Cir.1957) (judge's impartiality might reasonably be questioned; citing *Calvaresi*).[7]

Even though the reasoning in the preceding cases appears somewhat inconsistent or conclusory, I am persuaded that the court of appeals can effect the reassignment suggested in this case. Moreover, that reassignment is effective as of April 14, 1980, the date of the court's opinion, and I cannot decide the issues still pending before this court as a result of hearings conducted late last fall. As indicated, the court of appeals suggested that the chief judge of this court reassign this case to himself or to another appropriate judge. But a local court rule provides that all cases are to be assigned by blind draw. Rule IV(c), Local Rules of the United States District Court for the Eastern District of Michigan. I believe that the court of appeals' suggestion that this case be assigned to another *appropriate* judge means a judge assigned pursuant to the local court rule.

In view of the perception voiced by the court of appeals concerning "bitter feelings that have developed," I add this brief comment. Plaintiffs' counsel has never hinted here that I have displayed such an animus, an animus which, in my view, would have compelled me to grant plaintiffs' recusal motion.[8] I took extreme care to determine whether I could preside impartially in this case, even raising issues not contained in plaintiffs' recusal motion. *Bradley v. Milliken*, 426 F.Supp. 929, 940 (E.D.Mich.1976). I decided that I could, and the court of appeals agreed.

Accordingly, IT IS ORDERED that the Clerk of the Court reassign this case pursuant to the rules of court providing for assignment of cases.

---

6. Two judges dissented from the *en banc* decision in *Naples* considering the reassignment order "a reflection on a distinguished member of the district court whose ability and integrity are well known." In addition, Judge (now Justice) Burger saw no reason to reassign the case.

7. Only in *Calvaresi*, 348 U.S. 961, 75 S.Ct. 522, 99 L.Ed. 749 (1955), was there a reassignment without a discernible reason.

8. In *In re Schulman*, No. 79–3183 (6th Cir. May 4, 1979), the court of appeals concluded that the trial judge should have recused himself and referred the matter for disposition to another judge because "it is evident from the record that marked personal feelings were present on *both* sides, and it appears that Schulman's conduct left personal stings, however justified." (Emphasis added.)