**Alan COLTER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 10–CF–21.**

District of Columbia Court of Appeals.

Submitted Jan. 12, 2012.

Decided Feb. 16, 2012.

Judith A. Lovelace, appointed by the court, was on the brief for appellant.

Ronald C. Machen Jr., United States Attorney, and Roy W. McLeese III, Chrisellen R. Kolb, Jonathan P. Hooks, and John L. Hill, Assistant United States Attorneys, were on the brief for appellee.

Before WASHINGTON, Chief Judge, FISHER, Associate Judge, and STEADMAN, Senior Judge.

FISHER, Associate Judge:

Following a non-jury trial, the court found appellant guilty of several offenses related to his shooting of two individuals, one of whom was a bystander caught in the line of fire. The only issue that merits discussion in a published opinion is appellant's claim that assault with significant bodily injury ("felony assault"), D.C.Code § 22–404(a)(2) (2011 Supp.), is not a crime of violence. If that is true, then appellant should not have been charged with assault with significant bodily injury *while armed* or with a related count of possessing a firearm during a crime of violence ("PFCV"). For the reasons which follow, we agree with appellant's argument.

D.C.Code § 22–4502, the "while armed" enhancement, increases the potential term of imprisonment for a defendant who commits a "crime of violence" or a "dangerous crime" while armed with or having readily available a firearm or other dangerous or deadly weapon.[1] The related crime of

---

1. Section 22–4502, entitled "Additional penalty for committing crime when armed[,]" pro-     vides in relevant part that

PFCV is created by D.C.Code § 22–4504(b) (2011 Supp.), which prohibits "possess[ing] a pistol, machine gun, shotgun, rifle, or any other firearm or imitation firearm while committing a crime of violence or dangerous crime as defined in § 22–4501." As we discuss in more detail below, the term "crime of violence" is defined in D.C.Code § 22–4501(1) (2011 Supp.).

There is no doubt that appellant committed violent crimes, as that term is commonly understood. Here, however, we are dealing with definitions created by statute. Similarly, although the offenses in this case created a great deal of danger, assault with significant bodily injury is not a "dangerous crime." [2]

The United States Code defines a "crime of violence" by its characteristics.[3] However, a very different approach was taken in the District of Columbia Code, which "defines" a crime of violence by reference to a list of the offenses so designated. Thus, D.C.Code § 22–4501(1) provides that " '[c]rime of violence' shall have the same meaning as provided in § 23–1331(4)." [4] That provision states in turn:

(4) The term "crime of violence" means aggravated assault; act of terrorism; arson; assault on a police officer (felony); assault with a dangerous weapon; assault with intent to kill, commit first degree sexual abuse, commit second degree sexual abuse, or commit child sexual abuse; assault with intent to commit any other offense; burglary; carjacking; armed carjacking; child sexual abuse; cruelty to children in the first degree; extortion or blackmail accompanied by threats of violence; gang recruitment, participation, or retention by the use or threatened use of force, coercion, or intimidation; kidnapping; malicious disfigurement; manslaughter; manufacture or possession of a weapon of mass destruction; mayhem; murder; robbery; sexual abuse in the first, second, or third degrees; use, dissemination, or detonation of a weapon of mass destruction; or an attempt or conspiracy to commit any of the foregoing offenses.

D.C.Code § 23–1331(4) (2011 Supp.).

The intermediate offense of assault with significant bodily injury—sometimes referred to as felony assault—was created by D.C. Law 16–306, which became effective April 24, 2007. *See generally In re R.S.*, 6 A.3d 854, 857–58 (D.C.2010) (discussing the legislative history of felony assault). That same bill also amended

---

(a) [a]ny person who commits a crime of violence, or a dangerous crime in the District of Columbia when armed with or having readily available any pistol or other firearm (or imitation thereof) or other dangerous or deadly weapon (including a sawed-off shotgun, shotgun, machine gun, rifle, dirk, bowie knife, butcher knife, switchblade knife, razor, blackjack, billy, or metallic or other false knuckles):

shall be subject to enhanced punishment, as further provided. D.C.Code § 22–4502(a) (2011 Supp.).

**2.** "Dangerous crime" is defined as "distribution of or possession with intent to distribute a controlled substance." D.C.Code § 22–4501(2) (2011 Supp.).

**3.** The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

**4.** Before its amendment in D.C. Law 16–306, effective April 24, 2007, D.C.Code § 22–4501(1) contained its own list of crimes of violence and that list varied somewhat from the list found in D.C.Code § 23–1331(4).

§ 23–1331(4)'s list of crimes of violence in certain respects. However, whether by design or through oversight, the Council did not add the newly-created offense of assault with significant bodily injury to the list of crimes of violence.[5]

A similar issue arose in *Thomas v. United States*, 93 U.S.App.D.C. 282, 210 F.2d 21 (1954), where the defendant had been convicted of robbery while armed. At that time, however, robbery was not identified as a crime of violence in D.C.Code § 22–3201 (1951), the predecessor to the current § 22–4501. Because the sentence imposed on the defendant exceeded the maximum allowable for robbery without the while armed enhancement, the United States Court of Appeals remanded for resentencing.[6] Similarly, the short and simple answer in our present case seems to be that assault with significant bodily injury is not a crime of violence because it does not appear on the list of such crimes.

Relying upon *Parks v. United States*, 627 A.2d 1 (D.C.1993), the government asserts that the answer is not so simple. In *Parks*, the appellant challenged his conviction for PFCV, arguing that assault on a police officer with a dangerous weapon, the predicate offense, was not a crime of violence. That particular offense was not in fact listed as a crime of violence, but as-

sault with a dangerous weapon was listed. This court concluded that "[a]ssault with a dangerous weapon and assault on a police officer with a dangerous weapon constitute substantially the same offense, as appellant successfully argued in the trial court." 627 A.2d at 10 (footnote omitted). We therefore affirmed the conviction for PFCV, holding that "it would defy reason and common sense to conclude that D.C.Code § 22–3204(b) [the predecessor of § 22–4504(b) ] does not apply in the present case just because the victim that appellant assaulted with a pistol was a police officer rather than an ordinary citizen."[7] *Id.*

No comparable reasoning is persuasive in the present circumstances. Unlike in *Parks*, the government does not point to any listed offense that is essentially the same offense as, or a lesser-included offense of, assault with significant bodily injury. Assault on a police officer (felony) may result in significant bodily injury, but that is not always true,[8] and, unlike the situation in *Parks*, the listed offense of felony assault on a police officer carries a far greater penalty than the unlisted offense of assault with significant bodily injury.[9] Aggravated assault is listed as a crime of violence, but that offense requires

---

**5.** In the same bill, the Council created a new misdemeanor crime of assault on a police officer and significantly amended the felony version of that crime. *See* D.C.Code § 22–405(b)–(c) (2011 Supp.). Notably, however, the Council added assault on a police officer (felony) to its list of crimes of violence; it did not add assault with significant bodily injury to that list. *See* D.C.Code § 23–1331(4) (2011 Supp.).

**6.** Congress later amended the statute to list robbery as a crime of violence. 81 Stat. 736 (1967).

**7.** At the time of the *Parks* decision, the offenses of assault with a dangerous weapon

and assault on a police officer with a deadly or dangerous weapon both carried the same statutory penalty—imprisonment for "not more than 10 years." D.C.Code §§ 22–502, –505(b) (1981).

**8.** The statute is also satisfied when the offender "commits a violent act that creates a grave risk of causing significant bodily injury to the officer." D.C.Code § 22–405(c) (2011 Supp.).

**9.** *Compare* D.C.Code § 22–405(c) (2011 Supp.) (not more than ten years' imprisonment for felony assault on a police officer) *with* D.C.Code § 22–404(a)(2) (2011 Supp.) (not more than three years' imprisonment for assault with significant bodily injury).

a far more serious injury and it also has a significantly higher penalty (imprisonment for not more than ten years for an unarmed offense), D.C.Code § 22–404.01(b) (2001), than assault with significant bodily injury, which, by comparison, is punishable by imprisonment for not more than three years. D.C.Code § 22–404(a)(2) (2011 Supp.). Because it is a less serious offense than most, if not all, on the list,[10] it is entirely possible that the Council decided not to designate assault with significant bodily injury as a crime of violence.[11]

We therefore hold that assault with significant bodily injury is not a crime of violence. Nevertheless, our ruling will have little impact on appellant. Although he was charged with assault with significant bodily injury *while armed,* the judgment and commitment order reports that he was sentenced to imprisonment for twenty-four months for "assault with significant bodily injury."[12] That sentence, which runs concurrently with other sentences, is well within the statutory maximum penalty for the unarmed offense, and we see no reason to disturb it. The sentence of sixty months' imprisonment for the related count of PFCV also runs concurrently with other sentences. Thus, although we remand with instructions to vacate the conviction and sentence on Count 8 (PFCV), the total length of appellant's sentence will not be changed.[13]

We reject the remaining arguments raised by appellant.[14] This case is remanded with instructions to vacate the conviction and sentence on Count 8 (PFCV) and to correct certain clerical errors in the judgment and commitment order.[15] In all other respects, the judgment of the Superior Court is hereby

*Affirmed.*

---

10. Indeed, if added, assault with significant bodily injury would carry the lowest maximum penalty of any crime of violence listed in the statute.

11. See note 5, *supra.*

12. We have not been pointed to, nor have we found, any portion of the record that explains this entry of judgment for the unarmed offense. Both appellant and the government assert that appellant was convicted of assault with significant bodily injury while armed.

13. The trial court had already indicated that Counts 6 and 8 (both of which charged PFCV) would "be vacated as merged after all appeal rights are exhausted." The government did not appeal this portion of the judgment, and we see no reason to disturb it. *See Nixon v. United States,* 730 A.2d 145, 153 (D.C.1999). Once this merger is accomplished, appellant will remain convicted of one count of PFCV (Count 2).

14. Viewed in the light most favorable to the government, the evidence was sufficient to identify appellant as the perpetrator of these offenses. *See Moore v. United States,* 927 A.2d 1040, 1049 (D.C.2007) (standard of review). One victim of the shooting, Dominic Bradley, identified appellant, and various pieces of circumstantial evidence, including a recently-created motive for revenge, supported that identification. The trial court did not misunderstand, or misapply, the standard of proof beyond a reasonable doubt. Nor did the court err by amending its sentence to add periods of supervised release and assessments under the Victims of Violent Crime Compensation Act that were required as a matter of law. *See* D.C.Code § 24–403.01(b) (2011 Supp.) (supervised release); D.C.Code § 4–516(a) (2008) (assessments). The trial "[c]ourt may correct an illegal sentence at any time . . . ." Super. Ct.Crim. R. 35(a).

15. *See* Super. Ct.Crim. R. 36. As appellant's counsel has more particularly described in her brief, the Amended Judgment and Commitment Order misnames the offenses charged in counts 10 and 16 of the indictment

and gives incorrect statutory citations for several offenses.

