[Crim. No. 6758. Fourth Dist., Div. One. Apr. 9, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ANGEL MARTINEZ LOPEZ, Defendant and Appellant.

COUNSEL

Edward La Plount, under appointment by the Court of Appeal, and Harold F. Tyvoll, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, M. Howard Wayne and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AULT, J.—Jose Angel Martinez Lopez was convicted by a jury of both assault (Pen. Code, §§ 240-241) and battery (Pen. Code, §§ 242-243) on one police officer (Harvey) and acquitted of similar charges as to another police officer (Browne). The offenses were declared to be a misdemeanor, and he was granted probation for a term of 2 years on condition he serve 90 days in the custody of the sheriff. By order of the trial court he

was admitted to $500 bail on appeal. Lopez appeals from the judgment (order granting probation), contending:

(1) It was prejudicial error for the court to fail to instruct the jury that evidence of oral admissions must be viewed with caution.

(2) The failure to give requested defense instructions on the application of reasonable doubt to the question of whether the officers were engaged in the performance of their duties was prejudicial error.

(3) The conviction of both assault and battery for a single criminal act cannot stand.

FACTS

About midnight on August 4, 1973, City of Orange Police Officers George Harvey, Tim Browne and Craig Johnson were dispatched by radio to 100 South Lemon Street, where a major disturbance with fighting was reported in progress. Arriving at the scene, the officers observed a large number of persons gathering about the American Legion Hall where a wedding had taken place. They observed pushing, shoving and fighting, with glass beer bottles being used as weapons.

Officer Johnson went to an alley north of the hall where he observed two persons entering an automobile and attempting to leave. As Johnson began questioning them about the disturbance, Raul Lopez (brother of the appellant) came running up from behind. Johnson noticed blood on Raul's T-shirt and suggested to Officers Browne and Harvey, when they arrived, that Raul might be a suspect.

Officer Browne began a pat-down search of Raul for weapons when appellant Jose Lopez arrived, saying: "Leave my brother alone." and "You want trouble?"[1] Browne told Jose Lopez to leave the area as it was none of his business and motioned him away with his hand. Jose struck Officer Harvey in the face and Officer Browne in the upper chest. The officers testified they did not draw their firearms or use their nightsticks at any time.

Jose Lopez testified he struck only one blow during the incident. He said he hit Officer Harvey with a partially closed fist as Harvey was advancing toward him with a raised nightstick. He claimed to have acted

---

[1] In response to questions on direct examination, all three officers testified Jose Lopez made these statements.

in self-defense, saying he had believed Harvey was about to hit him with the stick. He denied making the statements attributed to him by the officers, maintaining he had only inquired as to what his brother had done wrong and asked for an explanation. Renee Lopez, wife of Raul Lopez, testified as a defense witness. She confirmed Jose's testimony, both as to the statements he made to the officers and as to the fact that Officer Harvey came toward Jose Lopez with a raised nightstick.

## DISCUSSION

The statements attributed to Jose Lopez by the police officers as having been made by him immediately before the alleged assault ("Leave my brother alone."——"Do you want trouble?") were pre-offense statements in the nature of admissions requiring the giving of cautionary instructions under California law. ■ In requiring cautionary instructions (as well as independent proof of the corpus delicti), the courts of this state have not distinguished between actual admissions and damaging pre-offense statements of the accused relating to the crime (*People* v. *Beagle,* 6 Cal.3d 441, 455, fn. 5 [99 Cal.Rptr. 313, 492 P.2d 1]; *People* v. *Ford,* 60 Cal.2d 772, 799-800 [36 Cal.Rptr. 620, 388 P.2d 892]).

Irrespective of the specific elements which constitute the offense charged, the People are never precluded from proving that the basic criminal act was intentionally or willfully done. When they do so by testimony repeating words purporting to come from the lips of the accused, either before or after the crime was committed, they have produced evidence of oral admissions and cautionary instructions are required (*People* v. *Beagle, supra,* 6 Cal.3d 441, 455, fn. 5; *People* v. *Ford, supra,* 60 Cal.2d 772, 799-800).

■ Here the prosecutor meticulously questioned the three prosecuting witnesses, drawing from them the belligerent words each claimed Lopez said immediately before the physical incident occurred. Apparently the prosecutor believed the remarks were adverse to the defendant on the issue of guilt, and the People are in poor position now to urge that the statements were not admissions and that the cautionary instruction which they themselves proposed need not have been given.[2]

---

[2]We attach no significance to the fact the cautionary instructions were requested by the People and not by the defendant. Cautionary instructions, when called for by the evidence, must be given even without a request. (*People* v. *Ford, supra,* 60 Cal.2d 772, 799.) The requested instructions read: "A statement made by a defendant other than at his trial may be an admission.

"An admission is a statement by a defendant, which by itself is not sufficient to

The more difficult question is whether the error in failing to give the cautionary instruction requires reversal of the judgment under the limitations imposed by article VI, section 13, of the California Constitution and the rule of *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]. The damage inherent in testimony which purports to relate the oral admissions of an accused has long been recognized by courts and legal writers. As stated in *People* v. *Ford, supra,* 60 Cal.2d 772, at page 800:

" ' . . . "It is a familiar rule that verbal admissions should be received with *caution* and subjected to careful scrutiny, as no class of evidence is more subject to error or abuse. Witnesses having the best motives are generally unable to state the exact language of an admission, and are liable, by the omission or the changing of words, to convey a false impression of the language used. No other class of testimony affords such temptations or opportunities for unscrupulous witnesses to torture the facts or commit open perjury, as it is often impossible to contradict their testimony at all, or at least by any other witness than the party himself." ....' "

■ The omission of such instructions does not constitute reversible error in every instance. Reversal is justified only if upon a reweighing of the evidence it appears reasonably probable that a result more favorable to the defendant would have been reached in the absence of the error. (*People* v. *Beagle, supra,* 6 Cal.3d 441, 455.) The circumstances of each case must be examined to determine whether a failure to give cautionary instructions constitutes reversible error. (*People* v. *Blankenship,* 7 Cal.App.3d 305, 312 [86 Cal.Rptr. 651].)

The People argue that the jury's acquittal of Lopez on the assault and battery charges relating to Officer Browne demonstrates that the failure to give cautionary instructions was not prejudicial. We find little logic in this argument and see nothing in the different sets of verdicts which demonstrates or even suggests that the error was harmless. A more likely explanation of the different verdicts is that the evidence shows the real confrontation was between Lopez and Officer Harvey and that physical contact between Lopez and Officer Browne was at most minimal.

---

warrant an inference of guilt, but which tends to prove guilt when considered with the rest of the evidence.

"You are the exclusive judges as to whether an admission was made by the defendant and if the statement is true in whole or in part. If you should find that such statement is entirely untrue, you must reject it. If you find it is true in part, you may consider that part which you find to be true.

"Evidence of an oral admission of the defendant ought to be viewed with caution."

█ The evidence was conflicting concerning the statements made by Lopez immediately before the incident. His version of what he said to the police, backed by the testimony of Renee Lopez, his brother's wife, differed significantly from the remarks attributed to him by the officers. A failure to give cautionary instructions is less apt to be prejudicial where there is no conflicting evidence or issue concerning the statements (*People* v. *Beagle, supra,* 6 Cal.3d 441, 456). Conversely, when the evidence concerning the statements is conflicting, the failure to give cautionary instructions is more likely to result in prejudice to the defendant (*People* v. *Bemis,* 33 Cal.2d 395, 400-401 [202 P.2d 82]).

Moreover, the police officers in this instance cannot be considered as disinterested witnesses in the usual sense. Two of the three officers who testified were the alleged victims of the crimes charged against Lopez. Even more significant is the fact that the defense asserted that Lopez accused the police of using excessive and unreasonable force. Whether oral admissions are reported by witnesses who are friendly to the accused (see *People* v. *Beagle, supra,* 6 Cal.3d 441, 456) or by witnesses who may be biased against him (see *People* v. *Ford, supra,* 60 Cal.2d 772, 800) is a factor to be considered in determining whether the failure to give cautionary instructions resulted in prejudice.

More important than these considerations is the vital bearing of the oral admissions upon the only substantial issue the jury was required to resolve in reaching its ultimate decision. Lopez' judicial admission that he had struck Officer Harvey left only the issue of whether he acted in justifiable self-defense in responding to the use or threat of use of excessive force by the officer. If the jury believed that the testimony relating Lopez' aggressive and belligerent words immediately before the incident was true, resolution of this issue against Lopez was, for all practical purposes, a foregone conclusion. Yet the jury was not told, as the law requires, the special manner in which it was to view and evaluate this testimony. Where a defendant's admissions are vitally important evidence in the case, it is likewise vitally important that the jury be guided as to the manner in which it is to view and evaluate that evidence (*People* v. *Deloney,* 41 Cal.2d 832, 840 [264 P.2d 532]; see also *People* v. *Ford, supra,* 60 Cal.2d 772, 800). In this state of the record, we cannot say that a different verdict would have been improbable had the cautionary instructions been given (*People* v. *Watson, supra,* 46 Cal.2d 818, 836).

█ It was also error for the court to refuse the following requested instruction: "In the crimes charged in Count I-IV and in the lesser included offense of obstructing a police officer in the discharge of his

duties, the people have the burden of proving beyond a reasonable doubt that at the time of the alleged offense, the peace officer was engaged in the performance of his duties."

In view of our previous holding we need not decide whether the failure to give the instruction was prejudicial. The instruction is a correct statement of the law, deals with a specific element of the crimes involved, and should be given when the case is retried. (See *People* v. *Whitehorn*, 60 Cal.2d 256, 265 [32 Cal.Rptr. 199, 383 P.2d 783]; *People* v. *Kane*, 27 Cal.2d 693, 698-702 [166 P.2d 285].)

Lopez also correctly contends he cannot be properly convicted of both assault and battery on Officer Harvey. Every battery includes an assault and is, in fact, a consummated assault. (*People* v. *Heise*, 217 Cal. 671, 673 [20 P.2d 317]; 1 Witkin, Cal. Crimes, § 255, p. 241.) Assault is a necessarily included offense in battery and the jury should have been instructed that it could convict Lopez of either of the two offenses charged, but not both. (*People* v. *Toliver*, 270 Cal.App.2d 492, 498 [75 Cal.Rptr. 819].) Such an instruction should be given when the case is retried.

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.