**UNITED STATES of America, Appellee,**

v.

**Kenneth L. BROWN, Appellant.**

**No. 79–5134.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1980.

Decided Feb. 22, 1980.

Charles G. Bernstein, Federal Public Defender, Baltimore, Md. (Susan T. Preston, Law Clerk on brief), for appellant.

John F. Hyland, Jr., Asst. U. S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER and SPROUSE, Circuit Judges, and MacKENZIE, District Judge.*

PER CURIAM:

A jury convicted Kenneth L. Brown of 7 charges of knowingly possessing stolen mail matter (United States Treasury checks) in violation of 18 U.S.C. § 1708. He appeals asserting reversible error in the district court's admission of the testimony of a handwriting expert and in the district court's refusal to give a special instruction with respect to testimony of Brown's oral admissions. We affirm.

I.

Brown owned a small store in Oxon Hill, Maryland from which he sold records and stereo equipment, and a vending stand in Washington, D.C. He second-endorsed and negotiated to third persons (principally a Washington record dealer with whom he regularly did business) a number of checks which had been properly addressed and mailed to the payees, but which the payees had neither received nor endorsed, nor authorized third persons to receive and negotiate for them.

* Honorable John A. MacKenzie, Chief Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

During the investigation of the theft of the checks, Brown made two incriminating oral statements to Secret Service agents, and he also gave a written statement. In addition, he made oral admissions to third persons. Collectively, the written statement and the various oral admissions were mutually inconsistent and otherwise reflected upon defendant's knowledge that the checks were stolen. The written statement and testimony concerning the oral admissions were admitted at trial.

Also admitted was the testimony of a handwriting expert that while three of the checks drawn to the order of the same payee were first-endorsed by the same person (person *A*) three other checks, each drawn to the order of a *different* payee, were also first-endorsed by the same person (person *B*).

### II.

■ We think that the testimony of the handwriting expert was properly admitted. In agreement with the district court, we think that the jury could draw on its common sense and perception of commercial realities to infer that defendant would not ordinarily cash a large treasury check unless it was endorsed in his presence and, if endorsed in his presence, he would be likely to recognize the repetitive identity. Certainly the evidence that three checks payable to three different payees were first-endorsed by the same person tended to refute defendant's contention that different individuals whom he knew or who had presented credible identification had presented the checks. It was thus relevant to the issue of whether defendant knowingly possessed stolen checks.

### III.

Because some of Brown's oral statements to the investigating agents and admissions to third persons were made two or more years prior to trial, defendant requested the following jury instruction:

> Evidence as to any oral admissions claimed to have been made outside the court by the defendant, should always be considered with caution and weighed with great care. The person making the alleged admission may have been mistaken, or may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood, or may have misquoted what was actually said.
>
> However, when an oral admission made outside of court is proved by reliable evidence, such an admission may be treated as trustworthy and should be considered along with all other evidence in the case.

The district court declined to give the requested instruction, but it did give the following general instruction on the credibility of witnesses:

> Consider, among other things, the apparent intelligence of the witness; any motive the witness may have had that would reveal to you any state of mind that the witness demonstrated to you; and the demeanor and manner in which the witness testified before you. And you might consider also how a person was affected by the events in the case; the relationship that the person may have to one side or the other; and the way in which the witnesses' testimony is either supported or contradicted by other evidence in the case which you believe to be credible.

Defendant asserts that when requested, a special cautionary instruction with regard to testimony of oral admissions of a defendant must be given, and the failure to give it is reversible error. He cites in support of this contention *Obery v. United States*, 95 U.S.App.D.C. 28, 29, 217 F.2d 860, 861 (D.C. Cir.), *cert. denied*, 349 U.S. 923, 75 S.Ct. 665, 99 L.Ed. 1255 (1954); *Jackson v. United States*, 91 U.S.App.D.C. 60, 198 F.2d 497 (D.C. Cir.), *cert. denied*, 344 U.S. 858, 73 S.Ct. 96, 97 L.Ed. 666 (1952); *Stapleton v. United States*, 260 F.2d 415 (9 Cir. 1958); *Bunn v. State*, 363 So.2d 16 (Fla.App.1978); *People v. Lopez*, 47 Cal.App.3d 8, 120 Cal. Rptr. 562 (1975); and other state authorities.

■ We are not persuaded by these several authorities. Some of the state deci-

sions turn upon state statutes which are inapplicable to the instant case. However, to the extent that the District of Columbia and Ninth Circuits may have adopted the rule that such an instruction must be given if requested, we respectfully disagree. Our view is that the giving of such an instruction is discretionary with the district court depending upon the facts of the case. *See, e. g., Crawford v. United States,* 212 U.S. 183, 203, 29 S.Ct. 260, 267, 53 L.Ed. 465, 474 (1909). Of course, under the rule we adopt, there may be cases in which the facts are such that the failure to give such an instruction if requested would amount to an abuse of discretion and be reversible error. But this is not such a case. The government agents who testified had taken notes of their interviews of defendant, and the notes were available to refresh their recollections. While the third-party witnesses who testified about oral admissions did suffer pecuniary loss at the instance of defendant, the jury was told to judge their credibility by "how [they] were affected by the events in the case." Thus, we do not perceive an inordinate risk of inaccuracy or falsification with respect to the testimony at issue. We conclude that the general credibility instructions given by the district court were sufficient in this case.

AFFIRMED.