Filed 10/17/23  P. v. Takacs CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>              v.<br><br>JUSTIN DANE TAKACS,<br><br>       Defendant and Appellant. | A166325<br><br>(Sonoma County Super. Ct. No. SCR-736648-1) |

Justin Dane Takacs appeals from a judgment of conviction, a 20-year aggregate sentence of imprisonment, and an order requiring payment of various fees and a restitution fine, all of which the trial court imposed after a jury found him guilty of mayhem and battery.  He contends the court erred by (1) accepting the jury's verdict of battery, which he claims was inconsistent with a separate verdict the jury rendered against him for the lesser included offense of assault, (2) applying his presentence credits specifically to the sentence imposed on him for committing mayhem and battery, rather than to his aggregate sentence, and (3) imposing the fees and the fine on him without determining his ability to pay.  The Attorney General concedes error on the second point, and we accept the concession.  Save for that, we reject Takacs's arguments and will affirm.

1

# I. BACKGROUND

Because the facts of the underling offense are immaterial to our analysis of the arguments Takacs advances on appeal, we limit our recitation of the relevant background to procedural matters.

Takacs was charged with one count of attempted murder, one count of mayhem, two counts of possession of a firearm by a felon, and one count of unlawful possession of ammunition, plus sentencing enhancement allegations for personal use of a deadly weapon and for conviction of a prior serious felony.  Prior to trial, he pled no contest to the firearms possession and ammunition possession counts and admitted to having suffered a prior strike conviction.  The court found Takacs guilty of the possession offenses and accepted his admission of the prior strike.

At a bifurcated jury trial on the attempted murder and mayhem charges, the trial court instructed the jury on attempted manslaughter as a lesser included offense to attempted murder, on battery as a lesser included offense to attempted manslaughter, and on assault as a lesser included offense to battery.  The jury found Takacs not guilty of the attempted murder charge, but returned separate verdicts of guilty on the mayhem, battery, and assault charges, and found the deadly weapon use allegation to be true.  The court refused to accept the assault verdict, because it was a lesser included offense of battery.

The court sentenced Takacs to an aggregate sentence of 20 years in prison, consisting of (1) the upper term of eight years on the mayhem offense, doubled to sixteen years for the prior strike conviction, (2) three consecutive terms of one year, four months on the admitted firearms and ammunition possession offenses, and (3) a concurrent term of six months on the battery offense.  The court exercised its discretion to strike the deadly weapon use

finding.  It granted Takacs 1,066 total days in presentence credit against the prison time imposed for mayhem, but gave him zero credit against the prison time imposed for illegal firearms and ammunition possession.

In addition, the court imposed a total amount of $4,074.86 in monetary charges against Takacs, consisting of $1,504.86 in victim restitution, a $2,500 restitution fine (Pen. Code, § 1202.4), a $40 court operations assessment fee (Pen. Code, § 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373).  It also imposed but suspended a $2,500 parole revocation fine. (Pen. Code § 1202.45.)

From the ensuing judgment of conviction, the sentence and the order imposing the fees and the restitution fine, Takacs timely appealed.

## II. DISCUSSION

Since we are accepting the Attorney General's concession of error on the issue of presentence credits, we need only address two of the three issues Takacs raises.

*First*, Takacs argues that the jury's verdicts finding him guilty of both battery and assault are inconsistent; that he cannot be convicted of both offenses; that the jury's intent in rendering "inconsistent" verdicts is "incomprehensible"; and that the trial court erred in accepting the battery verdict and disregarding the assault verdict.  To rectify this claimed error, we are asked to reverse Takacs's battery conviction and remand for further proceedings so that the prosecution may elect to either retry him on the battery and assault charges or dismiss count one entirely.[1]  In support of this argument, Takacs cites *People v. Lopez* (1975) 47 Cal.App.3d 8, and *People v. Brown* (2016) 247 Cal.App.4th 211.

---

[1] Count one is the attempted murder charge.  The instructions on both lesser included offenses were subsidiary to the attempted murder charge.

3

The argument is meritless. It is true that dual convictions arising out of the same conduct for both battery and assault cannot stand (*People v. Lopez, supra*, 47 Cal.App.3d at p. 15), since "[a]ssault is a necessarily included offense in battery" and a jury may convict on "either of the two offenses . . . but not both" in that circumstance. (*Ibid.*) The court so instructed this jury, and when the jury returned verdicts that did not follow this instruction, it properly cured the error by disregarding the assault verdict. If the trial court had not done so, we would have reversed the conviction for assault, while affirming the battery conviction. (*People v. Moran* (1970) 1 Cal.3d 755, 763.).

Takacs also relies on *People v. Brown, supra*, 247 Cal.App.4th 211, which involved a situation in which a jury returned two verdict forms on the same charge, one finding the defendant guilty, and the other acquitting him. (*Id.* at pp. 227–228.) The Court of Appeal found that the trial court erred by choosing between two inherently inconsistent verdicts and entering judgment on one of them, the guilt verdict. (*Id.* at p. 232.) But nothing of the sort happened in this case. Because assault is a lesser included offense of battery, as the trial court recognized in instructing on both offenses, there was no inconsistency.

*Second*, Takacs argues that, under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, the trial court erred in failing to make an ability to pay determination before imposing the fees and the restitution fine. We should vacate the fees and stay the fine pending the requisite ability to pay determination, Takacs contends. We are unpersuaded. He forfeited this argument by failing to object to imposition of the fees and the fine or to request an ability to pay hearing. More than three years ago, we held that defendants facing the imposition of fees and mandatory restitution fines have

4

the right to such a hearing upon request (*People v. Cowan* (2020) 47 Cal.App.5th 32, 48), and as to the restitution fine, which was imposed here in an amount above the statutory minimum, defendants in Takacs's position had the ability to ask for an ability to pay determination even before *Dueñas* was decided.  (*People v. Johnson* (2019) 35 Cal.App.5th 134, 138.)  For whatever reason, Takacs passed on the opportunity to claim poverty in the trial court.

In an effort to overcome the resulting forfeiture on appeal, Takacs argues ineffective assistance of counsel under the Sixth Amendment.  Since ultimately the issue of whether to raise and pursue a challenge to fees and fines in the context of a sentencing proceeding is a strategic matter counsel might reasonably assess in different ways in light of the odds of success and the relative importance of financial issues compared to matters that impact a defendant's desire to avoid and minimize incarceration, we decline to address the Sixth Amendment issue on direct appeal. (*People v. Mayfield* (1993) 5 Cal.4th 142, 188 ["[T]actical choices presented . . . on a silent record . . . are better evaluated by way of a petition for writ of habeas corpus, and on direct appeal we reject them."].)

### III. DISPOSITION

The judgment of conviction shall be modified to show that a total of 1,066 days in presentence custody are to be credited against Takacs's

aggregate sentence.  Except for that modification, the judgment, the sentence, and the fees and the restitution fine are affirmed.

STREETER, J.

WE CONCUR:

BROWN, P. J.
HIRAMOTO, J.*

---

\* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.